NICOLA DE NISI, Appellant, *v.* J. KRUGMAN COMPANY, INC., and Others, Respondents.

First Department, March 24, 1939.

*Howard L. Kuttner* of counsel [*Philip M. Risik* with him on the brief], for the appellant.

*Arthur K. Wing* of counsel [*George S. Wing* with him on the brief; *John H. Brogan*, attorney], for the respondent J. Krugman Company, Inc.

*Lyman A. Spalding* of counsel [*Saulsbury & D'Auria*, attorneys], for the respondents T. G. R. Construction Corporation and Cooper Gardens, Inc.

*H. H. Brown* of counsel [*E. C. Sherwood*, attorney], for the respondent Nathan Dubin.

GLENNON, J. The plaintiff was injured on November 8, 1935, in a six-story multiple dwelling which was in the course of construction on the southeast corner of West Two Hundred and Fourth and Cooper streets in the borough of Manhattan, city of New York. He filed a claim for compensation under date of January 7, 1936, wherein he named Langer & Langer Contracting Company, Inc., which had the contract for the masonry and brickwork, as his employer. Subsequently he commenced this action by the service of a summons on the defendants on or about July 9, 1936. Later he served his complaint, and issue was joined on or about October twenty-first of that year. Langer & Langer was not named as a party defendant since apparently it was covered by compensation insurance.

The defendant T. G. R. Construction Corporation was the general contractor, and the defendant Cooper Gardens, Inc., was the owner of the fee. There were two other defendants, both of whom were subcontractors, one Nathan Dubin who had charge of the carpentry work, and J. Krugman Company, Inc., which had charge of the plumbing. It might be well to note here that one Morris A. Goodman was president of both the T. G. R. Construction Corporation and Cooper Gardens, Inc.

The case came on for trial on the 29th of September, 1938, before a court and jury, and was concluded on the 7th day of October,

1938. At the close of the plaintiff's case the complaint was dismissed as to all defendants. It becomes necessary, therefore, to review the facts at length for the purpose of indicating that the plaintiff failed to make out a case against any of the defendants.

Plaintiff went to work about seven o'clock in the morning on the day of the accident. At that time the work on the building had progressed to such an extent that it practically was inclosed. About seven-thirty plaintiff was assigned by his immediate superior to go to the sixth floor for the purpose of passing up planks through the openings in the roof to a fellow employee. He proceeded to do as directed. The planks were to be used for scaffolding in connection with the construction of a parapet wall upon the roof by the bricklayers, his fellow employees, who were due to report at eight o'clock.

Plaintiff's employer had constructed a hoistway between the basement and the sixth floor. The hoistway proper, on the north and south sides thereof, was guarded throughout the building on the various floors by barriers seven feet high. On the east and west sides of the hoistway there were barriers about three feet high, which could be removed very easily. After the hoistway was constructed there was a space, approximately six and one-half feet in width and thirteen feet in length, to the north thereof, which was left open. In addition, there were two openings, each two feet square, which had been framed by the carpenter, in the floor space, so that the plumber could install pipes in the bathrooms, which were located close to the main opening.

The defendant Dubin was directed by Langer & Langer to leave the main opening uncovered since the floor beams, which were about twenty-two to twenty-four feet in length, could not be installed and at the same time leave the space for the hoistway free. As the mason work proceeded from floor to floor, the open space on the floor, where the bricklayers were working, was covered with planking by plaintiff's employer. After the work was finished on each floor, the planking was moved upward.

The underflooring had been laid throughout the building, except in the opening where the floor beams had not been installed, from the south side of the hoistway to the brick wall on the north. On the day before the accident the opening between the hoistway and the brick wall was completely covered by some sixteen planks which belonged to plaintiff's employer. These planks were of uniform size and of the same type as those which were passed up by the plaintiff to his fellow employee on the roof.

Plaintiff asserted in substance that, at about the time of his arrival on the sixth floor, he noticed that four or five of the planks

near the north wall were missing. As a result, a space extending about three and a half to four feet from the wall was uncovered and clearly visible. He handed up some twenty-five or thirty planks to his fellow employee. At the time he passed up the last plank he was standing in a position which was about two or three feet from the hoistway and some ten or twelve feet from the opening. He stated that he took one or two steps and that was all he remembered. He regained consciousness some four weeks later in the Columbus Hospital. Nobody saw plaintiff fall. His fellow employee, one Cuomo, stated in substance that, after he received the last plank from the plaintiff, he waited from eight to ten minutes for him and then took up some other work. While so engaged, he heard that there had been an accident.

Plaintiff denied that he had moved any of the planks from the opening. However, his immediate superior, one Desimoni, who was called by the plaintiff as a witness, testified in effect that upon his return to the sixth floor, immediately after the accident, seven planks were missing, whereas plaintiff fixed the number as four or five.

At the time of the accident the hoist was at the bottom of the shaft. There is nothing in the evidence, however, to indicate whether or not plaintiff believed that the hoist was on the sixth floor, or at some other floor, before he was injured. He could not say whether or not the removable barriers were in place immediately before the accident.

Plaintiff was found, about eight-fifteen o'clock, on the first floor of the building, lying close to the north wall. He alleged in his complaint that he fell through the opening near the wall on the sixth floor, that he was injured through the negligence of the defendants, and that he was free from contributory negligence.

The great difficulty with this case is to determine the manner in which plaintiff received his injuries. If the question had been left to the jury, it might have thought that plaintiff fell through the opening near the wall. On the other hand, the jury might have concluded from the evidence that the plaintiff, after taking one or two steps, had fallen down the hoistway, come in contact with one of the side barriers thereof, and been thrown in that way to the place at which he was found on the first floor. It is argued with a great deal of force that had the plaintiff fallen directly from the sixth to the first floor, without the aid of anything to break the force of his fall, he could not have survived. It is argued further that for aught this record shows the plaintiff may have been guilty of contributory negligence. In connection with that thought, it should be noted that this is a third party action which is based primarily upon a charge of negligence.

Plaintiff contends that the defendant J. Krugman Company, Inc., the plumbing contractor, extended its soil pipes through the openings in the bathroom on the sixth floor, and in order so to do, it became necessary to remove the planks which had covered the opening prior to the day of the accident. It must be conceded that Krugman was under no obligation at common law or by statute to cover over the opening in the first instance. If it did remove the planks, and by so doing created a dangerous condition, it might be held to be chargeable with negligence if the circumstances warranted it. However, there was no evidence which would support the theory that Krugman's employees had anything to do with the removal of the planks. As a consequence, no cause of action was made out against the defendant Krugman.

It is argued by the plaintiff that Dubin, the carpenter, was negligent in that he failed to safeguard the open space immediately north of the hoistway. It does not appear that he was under any duty, however, either contractual or otherwise, to erect barriers or to cover over the openings. In fact, it is conceded by the plaintiff that the carpenter could not place all the floor beams which, as we have seen, were twenty-two to twenty-four feet in length, and still leave room for the hoistway. No claim was made that the defendant Dubin had anything to do with the placing or the removal of the planks from the opening. It follows, therefore, that the complaint was properly dismissed as to him.

In so far as the owner and general contractor are concerned, plaintiff asserts that a cause of action was made out because of their failure to comply with subdivision 2 of section 241 of the Labor Law, sections 195 and 196 of article 10 of the Building Code of the City of New York, and rules 1228, 1229 and 1236 of the Rules of the Industrial Board. It is argued that both the general contractor and the owner were negligent in that Morris A. Goodman, as president of both corporations and acting in a dual capacity, supervised the work and was acquainted with the details of construction.

Section 241 of the Labor Law, which plaintiff asserts is applicable, reads as follows:

" § 241. Protection of employees on building construction or demolition work including excavation work in connection therewith. All contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *

" 2. If the floors are not to be filled in between the beams with brick or other fireproof material, the underflooring shall be laid on each story as the building progresses."

That subdivision, however, should be read in conjunction with subdivision 5, which reads as follows:

"5. If elevators, elevating machines or hod-hoisting apparatus are used in the course of construction, for the purpose of lifting materials, the shafts or openings in each floor shall be inclosed or fenced in on all sides by a barrier of suitable height, except on two sides which may be used for taking off and putting on materials, and those sides shall be guarded by an adjustable barrier not less than three nor more than four feet from the floor and not less than two feet from the edges of such shafts or openings."

It cannot be disputed that the hod-hoisting apparatus was used in the course of construction and that the barriers in and about the hoistway substantially complied with the provisions of the Labor Law. It is stated by the plaintiff in his brief: " As a practical matter it is obvious that if a hoist is employed, some part of the floor beams must be omitted until such time as the hoist is removed, but it is to be noted the Labor Law takes cognizance of this practical necessity, and provides a special safeguard for employees, to prevent accidents resulting from the existence of an unguarded opening. (Sec. 241, Labor Law, subd. 5.) "

It is claimed, however, that the defendants T. G. R. Construction Corporation and Cooper Gardens, Inc., failed in their duty to safeguard the entire opening with barriers, even though the hoistway was inclosed or fenced in on all sides by a barrier of suitable height. Apparently realizing that in the course of construction it might be impractical at times to fence in an opening such as we have in this case, the Legislature added a new section which became effective on June 1, 1935. It is known as section 241-a of the Labor Law and reads as follows: " Protection of workmen in or at elevator shaftways, hatchways and stairwells. All elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected with planking at least two inches thick laid across the opening not more than two stories above any men working in or at such elevator shaftways, hatchways or stairwells."

Evidently it was with that thought in mind that plaintiff's employer, Langer & Langer, covered with planks the entire opening to the north of the hoistway on each floor as the work progressed. It is not claimed by the plaintiff that these planks were not at least two inches thick. Therefore, it is fair to assume that they complied substantially with the provisions of section 241-a as quoted.

Who removed the missing planks we do not know. Had they been in the same position as they were on the day prior to the accident, there would have been no opening on the sixth floor through which the plaintiff could have fallen. It should be noted that, at the time he and his fellow employees went to work, the other trades were not engaged in their employment.

Furthermore, even though we were to assume that these defendants failed in their duty to safeguard the opening, as distinguished from the hoistway, on the sixth floor, it does not follow from the evidence in this record that the plaintiff received his injuries by falling through it, and, consequently, we cannot say that the proximate cause of the accident was the negligence of these defendants.

Plaintiff admitted that he had a full and clear view of the opening at the time he went to work. It cannot be inferred, therefore, in view of his testimony, that he was free from contributory negligence even though a jury could have found that he received his injuries by falling through the particular opening at the north wall. If the case were of the type which is governed by the Employers' Liability Law, contributory negligence on the part of an injured employee would be a defense to be pleaded and proved by the defendant. So section 5 of the Employers' Liability Law provides. It reads as follows:

" § 5. Trial; burden of proof. On the trial of any action brought by an employee or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employee shall be a defense to be so pleaded and proved by the defendant."

This section was formerly section 202-a of the Labor Law. In 1921 the Legislature transferred it from the Labor Law to the Employers' Liability Law. It is evident, therefore, that it was the legislative intent not to have it apply, if it ever did, in so far as violations of the provisions of the Labor Law are applicable to ordinary third party actions as distinguished from those which are covered by the Employers' Liability Law and the Workmen's Compensation Law. Of course, we are mindful of the provisions of section 265 of the Civil Practice Act and section 131 of the Decedent Estate Law which control, as to pleading and proof, in death actions based upon negligence.

There are also certain actions to which contributory negligence is not a defense. They are of the type which are predicated upon a violation of a statute, which in its nature is prohibitory. For instance, where it is provided in the Labor Law that " No child under the age of sixteen years shall be employed or permitted to have the care, custody or management of or to operate an elevator either for freight or passengers," if an employer saw fit to employ a child under the required age and the child was injured in the course of his work, the contributory negligence of the child could not defeat a recovery. In *Karpeles* v. *Heine* (227 N. Y. 74) Judge CHASE said:

" In the case of an infant employed in violation of the direct unqualified prohibition of the statute public policy requires that a recovery for injuries received by such a child in the course of his unlawful employment shall not be defeated by the very negligence, lack of care and caution that the statute was designed to prevent and make impossible, by prohibiting the employment of such a child in such a capacity.   *   *   *

" The statements made herein as to the liability of the employer rest upon the unqualified prohibition of the statute against employing a person under sixteen years of age and are not intended to extend to other cases to which the reasoning herein does not fairly apply.

" Where a person under sixteen and over fourteen years of age is employed for certain purposes without the certificate required by statute (Labor Law, secs. 162 and 163), it has been held that his contributory negligence will defeat a recovery for injuries incurred while so employed.   *   *   *

" The failure of an employee to obey the statute directing in regard to machines and machinery and the employment of labor, while some evidence to go to a jury on the ground of negligence, does not preclude evidence of contributory negligence on the part of the person injured."

Another illustration can be found in section 202 of the Labor Law, which took effect July 1, 1930.  That section, as amended by chapter 84 of the Laws of 1937, provides: " The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner."   If the person in charge of a public building required or permitted a person to clean a window from the outside, without proper safeguards, he would be guilty of negligence in the event the window-cleaner was injured, and contributory negligence would not be a defense since the statute expressly prohibits the employer from permitting the employee to do the act.

The converse of that rule may be found in other cases.  In *Amberg* v. *Kinley* (214 N. Y. 531) it appeared that the defendant Kinley, who was the employer, had violated the Labor Law by his failure to equip his factory with fire escapes.  A fire broke out in the factory and as a result plaintiff's intestate, William Amberg, an employee, lost his life.  There was a recovery in favor of the plaintiff.  Judge CUDDEBACK writing in that case said in part: " In a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the

defendant, because the failure to observe the statute creates a liability *per se*, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence."

In commenting on *Amberg* v. *Kinley* (*supra*), Judge Chase, in *Karpeles* v. *Heine* (*supra*), said: " Yet if an employee was negligent and such negligence contributed to his injuries, he could not recover because of the violation of the statute relating to fire escapes. The employment in that case was not in itself illegal or contrary to express prohibition."

Under the circumstances we are inclined to the view that the court properly dismissed the complaint since the plaintiff failed in any manner to show that there was any negligence on the part of any of the defendants, which contributed to his injuries, and in addition thereto he failed to prove that he was free from contributory negligence. If fault there was, it seems to us that the responsibility rested with plaintiff and his employer, and he should look to it for compensation for the injuries sustained, rather than to these defendants.

The judgment should be affirmed, with costs.

Martin, P. J., Townley and Dore, JJ., concur; Untermyer, J., concurs in result.

Judgment unanimously affirmed, with costs.