ZELPHIA THOMPSON, Appellant, v. JOHN GLOVER et al., Respondents.— In an action to recover damages for injury to person and property, the plaintiff appeals (as limited by her brief) from so much of a judgment of the Supreme Court, Suffolk County, entered March 8, 1962 after trial upon a jury's verdict, as limited to six cents her damages for her personal injury. Judgment, insofar as appealed from, affirmed, without costs. Under the court's charge (which was binding because not excepted to), the nominal award of six cents constituted a finding by the jury that the accident resulted solely from defendants' negligence, but that the plaintiff sustained no injury attributable thereto. Such finding has adequate support in the record. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

LEONE M. TUTHILL, Respondent, v. STANLEY R. BENJAMIN, Appellant, et al., Defendants. STANLEY R. BENJAMIN, Third-Party Plaintiff, v. LONG BEACH HOSPITAL, Third-Party Defendant.— In a negligence action to recover damages for personal injury sustained by plaintiff when she tripped over the foot of a sign, the defendant Benjamin appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered November 16, 1961 (and amd. Dec. 20, 1961), upon the jury's verdict after trial, as is in favor of the plaintiff against said defendant. Amended judgment, insofar as appealed from, reversed on the law and the facts; new trial granted as between plaintiff and said defendant Benjamin, with costs to abide the event; and action severed as against all other parties. Defendant Benjamin, and others, were engaged by the Long Beach Hospital in connection with the construction of additions to an existing building. A large sign, warning of the construction, was built by defendant's employee and placed in a corridor of the hospital. Some time thereafter plaintiff, employed by the hospital as a nurse and while engaged in the performance of her duties, was injured when she tripped over the foot of the sign. There was proof that the sign was moved from time to time, but there was no proof whatever that the defendant Benjamin or his employees placed it in the position which it occupied at the time of the accident. In our opinion, in the absence of such proof, a finding that plaintiff's injuries were caused by said defendant's negligence may not·be sustained (cf. *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137, 144–145; *De Nisi* v. *Krugman Co.*, 256 App. Div. 567, 571, affd. 281 N. Y. 851). A new trial is granted to enable plaintiff to adduce any proof which may be available on that question. Ughetta, Acting P. J., Christ and Brennan, JJ., concur; Hill and Hopkins, JJ., dissent and vote to affirm the judgment insofar as appealed from.