ABE LOWENHAR, Appellant, *v.* COMMERCIAL OUTFITTING Co., INC., and SAMUEL FINE, Respondents.

Second Department, July 2, 1940.

*Francis J. Hughes,* for the appellant.

*Clarence S. Zipp* [*Daniel Miner* and *William S. O'Connor* with him on the brief], for the respondent Commercial Outfitting Co., INC.

*John F. Bowden*, for the respondent Samuel Fine.

HAGARTY, J.   Plaintiff, in two of three causes of action alleged in his complaint, charges the defendants with violation of section 202 of the Labor Law, and consequent negligence, resulting in injuries sustained by him in falling from the outside sill of a public building while cleaning a window.   On November 23, 1937, the day of the accident, the defendant Fine was the owner of a building situate at 25 East Broadway, in the borough of Manhattan, city of New York, and the defendant Commercial Outfitting Co., Inc., hereinafter characterized as Commercial, pursuant to a written lease was the exclusive tenant of the fourth floor thereof, at the rear of which was situated the window from which the plaintiff fell.

Plaintiff testified that, in accordance with instructions of his employer, Excellent Window Cleaning Co., he proceeded to the premises and was told by a Mr. Lipman, who was " connected with " Commercial, to clean both the front and rear windows on the floor in question.   It was conceded that Commercial had engaged plaintiff's employer to clean the windows.   The window from which plaintiff fell was not equipped with safety devices of any kind.   There was, however, affixed to the outside frame and placed horizontally across the window, an iron bar, which was used to fasten shutters.   While plaintiff was standing on the sill, holding the bar and engaged in washing the outside of the window, the bar gave way, causing him to fall to an extension roof, twenty-five feet below, and sustain injuries, the nature and extent of which are immaterial for the purposes of this appeal. That plaintiff was on the outside sill for the purpose of cleaning windows is corroborated by independent proof.

The statute under which plaintiff claims (Labor Law, § 202, as amd. by Laws of 1937, chap. 84) is entitled: " Protection of persons engaged at window cleaning."   It requires designated persons in charge of public buildings to provide, equip and maintain approved safety devices on all windows, and states that they shall not require, permit, suffer or allow any such window to be cleaned from the outside unless means are provided to enable the work to be done in a safe manner, in conformity with the requirements of the chapter and the rules of the Industrial Board.   The prime purpose of this statute is to protect life and limb.   Its violation is negligence *per se.*   (*Amberg* v. *Kinley*, 214 N. Y. 531; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 id. 287.)   The complaint alleges failure to provide any safety devices whatsoever within the contemplation of the statute and pursuant to the rules of the Industrial Board. The statute empowers the Board to make " supplemental " rules and also provides that, even in the absence of rules, no person

shall be relieved " from the responsibility placed upon him by this section." A failure by the appropriate person in charge to provide any safety device, and the act of permitting a window to be cleaned from the outside in the absence of such device, constitute a violation of the statute, as distinguished from a mere violation of a rule of the Industrial Board. (*Kindga* v. *Noyes Co., Inc.*, 260 N. Y. 521; *Homin* v. *Cleveland & Whitehill Co.*, 281 id. 484, 488; cf. *Teller* v. *Prospect Heights Hospital*, 280 id. 456.)

In the present case, judicial notice of the Industrial Code was taken, without objection, and it was charged, without exception, " that the rules in effect at the time of this accident and prior thereto were such that either ladders, scaffolds, boatswain's chairs or anchors were to be provided for, and this building equipped with the same, some one of the same." The substance of plaintiff's testimony is that no safety device had been provided and, although a matter peculiarly within the knowledge of the defendants, this testimony was not disputed. The absence of safety devices, therefore, must be regarded as established.

Prior to the amendment of 1937, it seems to have been settled law that a cause of action predicated upon violation of the statute was not subject to the defenses of contributory negligence and assumption of risk. (*Kindga* v. *Noyes Co., Inc., supra; Stern* v. *Great Island Corp.*, 250 App. Div. 115.) The amendment of that year, *inter alia*, reads: " No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the Industrial Board are provided for his protection and used by him while engaged at cleaning such window." In *Teller* v. *Prospect Heights Hospital* (255 App. Div. 488; revd., on other grounds, 280 N. Y. 456) it was held that, despite this amendment, such defenses were insufficient. This holding was on the ground that the prime purpose of the statute was to protect the person of the window cleaner. If the cleaner refused to assume the risk of going outside to clean windows without safety devices, he thereby assumed another risk, namely, that he would be replaced by one who would. If the amendment were given the force attributed to it by the defendant Commercial Outfitting Co., Inc., it would serve to render nugatory the very protection which was the aim of the statute.

As to one in charge of the building and who had permitted the plaintiff to engage in washing the window from the outside, there was but one question to be submitted to the jury, in the absence of a motion for direction of a verdict, namely, whether or not the negligence of such party was the proximate cause of the happening of the accident. On the proof adduced, it is clear that defend-

ant Fine was not a person in charge of the building who permitted or required the window to be cleaned without having provided the means for safety of the cleaner required by the statute and rules of the Board. It is equally clear that Commercial was such a " person."

In *Homin* v. *Cleveland & Whitehill Co.* (*supra*) it was held that an owner of a public building, whose status was in all material respects similar to that of the defendant Fine, was not liable on the theory that he had violated the statute. By the same token, the reasoning of the *Homin* case leads to the conclusion that liability is placed upon the tenant. It was Commercial that was in charge of the building and required the cleaning of this window and permitted it to be done in the absence of safety devices.

We regard the charge to the jury on the question of liability of Commercial as erroneous. At the outset of the charge, the jury was told that Commercial had just taken possession of the fourth floor. It was told that plaintiff must satisfy it that the accident happened by reason of the carelessness or negligence of Commercial, and that no carelessness or negligence on the part of plaintiff had contributed thereto. The jury was instructed to determine whether or not the plaintiff was guilty of contributory negligence in failing to clean the window by sitting on the sill. Whether or not Commercial was in charge of the building and its outside frames and outer walls and had directed or permitted the window cleaning to be done in a particular manner were also questions left for the jury's determination.

These errors cannot be justified on the ground that the third cause of action alleged in the complaint was based on common-law negligence. There was no attempt in the main charge to distinguish this cause of action from those based on statutory violation of duty, and the subsequent allowance of a request to charge by plaintiff's attorney did not correct the fundamental errors. We are not satisfied that it was made clear to the jury that the question of plaintiff's negligence, if the jury found that he had been guilty of such negligence as defined by the court, applied only to the common-law and not to the statutory cause of action. The sole question involving the liability of Commercial which should have been presented to the jury on the causes of action based on the statute, in the absence of a motion to direct a verdict, was whether or not the negligence of that defendant was the proximate cause of the happening of the accident.

The judgment in favor of defendant Samuel Fine should be affirmed, with costs.

The judgment in favor of defendant Commercial Outfitting Co., Inc., should be reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., and JOHNSTON, J., concur; CARSWELL, J., concurs, with memorandum; ADEL, J., in memorandum, concurs for affirmance of the judgment in favor of defendant Samuel Fine, but dissents as to the reversal of the judgment in favor of defendant Commercial Outfitting Co., Inc., and the granting of a new trial to such defendant; and votes to affirm said judgment.

CARSWELL, J. (concurring). I concur, with the observation that the decision in the *Homin* case (*supra*), which we are bound to follow, clearly disregards the plain language and purpose of the statute.

ADEL, J. (dissenting in part). I concur for affirmance of the judgment in favor of defendant Sanuel Fine, but dissent as to the reversal of the judgment in favor of defendant Commercial Outfitting Co., Inc., and the granting of a new trial to such defendant; and vote to affirm said judgment.

It does not follow as matter of law that the one in charge of a public building is liable to a window cleaner for personal injuries, and that the only question for the jury is the assessment of damages when there is a violation of the Labor Law in that there is a failure to provide safety devices on the windows. The questions of control, negligence, contributory negligence and proximate cause are for the jury in an action based on violation of the statute, as well as in an action in common-law negligence. The trial court herein properly so charged. The evidence, which is undisputed, is ample to sustain the finding of the jury and the determination should not be interfered with.

Judgment in favor of defendant Commercial Outfitting Co., Inc., reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

Judgment in favor of defendant Samuel Fine unanimously affirmed, with costs.