ABE LOWENHAR, Appellant and Respondent, *v.* COMMERCIAL OUTFITTING Co., INC., Appellant, and SAMUEL FINE, Respondent.

Argued March 10, 1941; decided April 17, 1941.

*Clarence S. Zipp, William S. O'Connor* and *Daniel Miner* for defendant, appellant.

*Francis J. Hughes* for plaintiff, appellant and respondent.

*John F. Bowden* and *Hobart R. Marvin* for defendant, respondent.

On plaintiff's appeal: Judgment affirmed, with costs to respondent Fine. On appeal by defendant Commercial Outfitting Co., Inc.: Order affirmed and judgment absolute ordered against appellant Commercial Outfitting Co., Inc., on the stipulation, with costs in all courts to the plaintiff, on the ground that, as against this defendant, plaintiff made out a *prima facie* case of common-law negligence. No opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ. CONWAY, J., concurs as to defendant Fine but dissents in following memorandum as to Commercial Outfitting Co., Inc.:

CONWAY, J. (dissenting). There are two defendants, the owner and the corporate tenant. The latter leased two floors in a building about three weeks before the plaintiff sustained his injuries. The plaintiff is a window cleaner employed by a window cleaning concern. The defendant tenant undertook to have the windows cleaned on one of the floors it had leased. An employee or agent of defendant tenant told the plaintiff to clean them. He did not tell him how to do the work. Plaintiff was not told to clean the windows from the outside nor was he told to take hold of a shutter bar there. The employee or agent was not present during the cleaning. The defendant tenant had not attached the shutter bars to the building and there was no attempt to prove notice of a defective condition of any of them. Plaintiff cleaned from the inside and then went outside, apparently standing on the window sill. He took hold of a shutter bar from time to time in the course of his work. The shutter bar on the second floor rear window gave way and plaintiff was precipitated onto a skylight with resultant injuries, which are the subject of this action.

We are affirming as to defendant tenant upon the ground that plaintiff established *prima facie* common-law negligence

and that there must be an affirmance under the stipulation for judgment absolute.

In my opinion plaintiff's proof, and I have related all of it, did not establish *prima facie* common-law negligence on the part of the defendant tenant, Commercial Outfitting Co., Inc. As to it the judgment should be reversed and the complaint dismissed, with costs.

I concur in the affirmance of the judgment as to defendant Fine.