In the Matter of the Application of JOSEPH E. LEVINE, a Bankrupt, Appellant, to Have a Certain Judgment in Favor of JACK LEVINE, Respondent, Canceled of Record.— Order denying appellant's motion to cancel and discharge a certain judgment in favor of respondent and against appellant, pursuant to section 150 of the Debtor and Creditor Law, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Appraisal under the Estate Tax Law of the Estate of JOSEPH J. SIEGEL, Deceased. PEARL LILLIAN SIEGEL, as Executrix, etc., of JOSEPH J. SIEGEL, Deceased, Appellant; STATE TAX COMMISSION, Respondent.— Pursuant to stipulation, the appeal is withdrawn, without costs to either party as against the other. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

DANIEL F. LAURIN, Respondent, v. PATRICK CONSTRUCTION CORPORATION, Appellant, and Another, Defendant.— Action to recover damages for personal injuries sustained by plaintiff by reason of the fall of a scaffold furnished by appellant, upon which scaffold plaintiff was working, installing stained glass in a church window, and which scaffold in its construction was in violation of section 240 of the Labor Law and certain pleaded rules and regulations of the Board of Standards and Appeals of the Department of Labor. Judgment, in so far as appealed from, affirmed, with costs. No opinion. Hagarty, Carswell, Johnston and Taylor, JJ., concur. Close, J., dissents and votes to reverse the judgment in so far as appealed from and to grant a new trial as to appellant, on the ground that the refusal of the court to charge on the question of contributory negligence was error. (*Karpeles v. Heine*, 227 N. Y. 74; *De Nisi v. Krugman Co., Inc.*, 256 App. Div. 567.)

PETER S. LERNER, Respondent, v. BLUE POINT INDIVIDUAL LAUNDRY, INC., Appellant.— Order of the County Court of Suffolk County setting aside the verdict of a jury in favor of the defendant reversed on the law and the facts, motion denied, and verdict reinstated, with costs to the appellant. The setting aside of the verdict was an improvident exercise of discretion. The verdict rested upon conflicting oral evidence, and the version which the jury accepted was not improbable on a fair interpretation of the evidence. The only reason which seems to have motivated the court in setting aside the verdict was that " they [the jurors] probably understood it [the law as charged] but they thought the Court made a mistake." The charge was clear and concise and to the effect that if the defendant's truck was operated in a negligent manner at the time of the collision, the plaintiff was entitled to recover even though the driver of the plaintiff's car, to whom he had lent the car, was negligent. We are of opinion that the reason advanced by the learned court is not borne out by the record. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

EVELYN M. LYNCH, Appellant, v. JAMES F. LYNCH, Respondent.— Order denying plaintiff's motion to modify a final judgment of divorce affirmed, without costs, and without prejudice to another application on proper papers, if plaintiff be so advised. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.