BENJAMIN SCHNEIER, Plaintiff, *v.* OWEN REALTY COMPANY et al., Defendants.

Supreme Court, Special Term, Kings County, November 13, 1946.

*Nicholas Lambadakis* for Gus Volanos and another, copartners doing business under the name of Victory Restaurant, for defendants.

*Walter Jacobson* for plaintiff.

HOOLEY, J. In this action brought against the owner of a building and the lessees of the second floor of such building a motion is made by defendant tenants to strike out the amended complaint as insufficient in law upon the face thereof on the ground that section 202 of the Labor Law places no obligation upon them to install safety devices on the windows of their leased premises. It is their contention that such duty devolved upon the owner of the building.

The two causes of action in the complaint are predicated upon a breach by defendants of section 202 of the Labor Law and are almost identical with the first two causes of action set forth in *Lowenhar v. Commercial Outfitting Co., Inc.* (260 App. Div. 211, affd. 285 N. Y. 671). There is no cause of action, however, for common-law negligence as was set forth in that case. The plaintiff has alleged in paragraph fourth of the complaint that the moving defendants were the lessees, and tenants in charge, of the second floor in question.

Section 202 of the Labor Law was repealed in 1942 and a new section added in place thereof (L. 1942, ch. 824) which deleted the words " in charge of " theretofore used in the section.

It would seem that the intention of the Legislature in changing section 202 of the Labor Law was to broaden its scope so as to include owners, lessees, agents and managers of every public building irrespective of whether or not they are

" in charge of " the premises and thus to that extent nullify the effect of *Homin* v. *Cleveland & Whitehill Co.* (281 N. Y. 484). However, it would seem that such was the only effect of the amendment.

If the Legislature had intended to limit liability it could have done so by the use of simple and appropriate language so indicating as it did in sections 315 and 316 of the Labor Law where liability was intended to be imposed upon owners or lessees of an entire tenant factory building and, with respect to the violations of some sections of the Labor Law, upon tenants within their respective holdings.

The moving party relies considerably on the fact that in *Lowenhar* v. *Commercial Outfitting Co., Inc.* (*supra*), the Court of Appeals held the tenant on the common-law negligence count and made no finding of liability under section 202 of the Labor Law. However, the court did not refer to the *Homin* v. *Cleveland & Whitehill Co.* case (*supra*) and so it may not be inferred that it intended to in any way change its holding therein as to tenants. It apparently found ample evidence to sustain the common-law count of negligence and predicated its holding thereon.

It follows that the motion must be denied.