Action to recover damages for personal injuries suffered by plaintiff as a consequence of falling from a window of a loft building. The action is against the owner of the building and also the tenants of the second floor thereof, for whom the plaintiff was cleaning windows at the time the accident happened. Defendants-tenants moved to dismiss the amended complaint and their motion was denied. Order affirmed, without costs, with leave to appellants to answer within ten days from the entry of the order hereon. Whether or not the tenants or lessees were under a duty, under section 202 of the Labor Law, as amended, to furnish safety devices, the absence of which caused the plaintiff to fall while he was engaged in cleaning windows for the tenants, may not be determined with finality on this motion. Determination of that question should await the trial, when the precise terms of the letting to the tenants will appear, and the degree of control given to the tenants and the degree of control, if any, reserved by the owner may be established. A lessee is only obligated to comply with section 202 of the Labor Law in the event that it is the sole tenant, with complete control of the premises and with no control remaining in the lessor (Orenstein v. Bankers Trust Go., 294 N. Y. 673); or is the lessee of so substantial a portion of the premises that it has *984 control of the windows thereof, to the exclusion of the owner, as a consequence of the terms of the letting. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur. [188 Misc. 611.]