ISIDORE KOENIG, Appellant, *v.* PATRICK CONSTRUCTION CORP., Respondent.

Argued October 12, 1948; decided December 2, 1948.

*Bernard Meyerson* and *Herman B. Zipser* for appellant. I. The trial court erred in refusing to charge that the plaintiff's contributory negligence was not a defense where violation of a statute was concerned. (*Karpeles* v. *Heine,* 227 N. Y. 74; *Urgo* v. *Coles & Co.,* 226 App. Div. 610; *Smith* v. *Variety Iron & Steel Works Co.,* 147 App. Div. 242, 208 N. Y. 543; *Stern* v. *Great Island Corp.,* 250 App. Div. 115; *Pollard* v. *Trivia Bldg. Corp.,* 291 N. Y. 19; *Weber* v. *State of New York,* 53 N. Y. S. 2d 598.) II. The trial court's error in charging that the contributory negligence of the plaintiff, even in the slightest degree, must result in a verdict for the defendant is patent and reversible. (*Laurin* v. *Patrick Constr. Corp.,* 263 App. Div. 1013.)

*Albert P. Thill, John P. Smith,* and *Thomas F. Keane* for respondent. The trial court's charge contains no reversible error. (*Poole* v. *American Linseed Co.,* 119 App. Div. 136; *Iacono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377; *Anderson* v. *143 Linden Blvd. Corp.,* 258 App. Div. 887; *Gombert* v. *McKay,* 201 N. Y. 27; *Griffin* v. *Pennsylvania Steel Co.,* 171 App. Div. 675; *Shovan* v. *Lozier Motor Co.,* 158 App. Div. 487; *Stuart* v. *Costello,* 204 App. Div. 574, 236 N. Y. 616; *Ericius* v. *Brooklyn Heights R. R. Co.,* 63 App. Div. 353; *Martin* v. *Herzog,* 228 N. Y. 164.)

FULD, J. We are called upon to determine whether, in an action for damages brought by an injured worker on the strength of section 240 of the Labor Law, a defendant may assert the worker's contributory negligence as a defense.

Plaintiff, a window cleaner, had been hired as an independent contractor by defendant to do the work necessary on the windows of a school which defendant was engaged in constructing. On the day of the accident, February 7, 1941, plaintiff was atop a ladder, some 16 or 17 feet above the floor, scraping and removing paint from one of the large windows in the auditorium. While plaintiff was thus engaged, the ladder, which

had been placed by him against the wall, with its base some 4 feet from the wall, slipped out and hurled him to the floor. It was plaintiff's claim that, in spite of his protests, he had been directed by defendant's employees to use the ladder in order to reach the windows; that the ladder, a straight, wooden, rung-type affair about 20 feet long, was without the usual devices at the bottom — called "safety shoes" — to prevent slipping when the ladder was in use; and that it likewise lacked notches to which such safety shoes could be fitted.

Plaintiff, seriously injured, commenced this suit for damages predicated primarily upon defendant's asserted failure to comply with the requirements of section 240 of the Labor Law. That statute provides, in part, that a person "employing or directing another to perform labor of any kind in the erection * * * repairing * * * painting, cleaning or pointing of a building or structure shall furnish * * * or cause to be furnished * *. * scaffolding * * * ladders," or any other safe equipment required for the worker's protection.

Upon the trial, the court charged, that under section 240, plaintiff could recover only if he proved (1) that defendant "assumed to furnish this ladder to the plaintiff to be used under the circumstances under which it was used, and that those circumstances were such that the danger of an accident was foreseeable by the defendant"; (2) that defendant "failed in its duty", and (3) that plaintiff had not "contributed any negligence to the accident himself."

The jury returned a verdict in favor of defendant, and because of the last noted item of instruction, the possibility is present that that verdict in defendant's favor was predicated upon a finding that plaintiff had been guilty of contributory negligence. In the view which we take of the law, that would be an erroneous basis for the verdict. That error in the charge requires reversal, despite the fact that it is quite likely, considering the entire record, that the jury found that defendant did not violate section 240, and, accordingly, did not even reach the question of plaintiff's contributory negligence.

Though defendant was also charged with common-law negligence, the gravamen of the complaint, as indicated, was that defendant was liable for having violated its statutory duty to furnish plaintiff safe equipment. Of course, if defendant did

actually direct the work, it is of no moment — we simply note in passing — that plaintiff happened to be an independent contractor rather than an ordinary employee. (See, e.g., *Sdoia* v. *Cawley*, 290 N. Y. 847; *Weber* v. *State of New York*, 53 N. Y. S. 2d 598.) Plaintiff, being thus included within the class protected, is entitled to the full benefit of the statute.

Firmly established is the principle of law that a plaintiff's carelessness is no bar to his recovery under a statute which imposes liability " regardless of negligence ". (See *Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287, 305–306.) Obviously, not every statute which commands or prohibits particular conduct is within this principle. Only when the statute is designed to protect a definite class of persons from a hazard of definable orbit, which they themselves are incapable of avoiding, is it deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence. This rule is based upon the view that, not being dependent upon proof of specific acts of negligence on defendant's part, the cause of action may not be defeated by proof of plaintiff's want of care. Thus, it has been said, " If the defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute " (Restatement, Torts, § 483).

Irrespective of how the courts may once have viewed the question (cf., e.g., *Maleeny* v. *Standard Shipbuilding Corp.*, 237 N. Y. 250; *Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278; *Gombert* v. *McKay*, 201 N. Y. 27), it is our judgment that both sound reason and persuasive decisions, involving statutes whose content and purpose are similar to those of section 240, require the conclusion that that statute does not permit the worker's contributory negligence to be asserted as a defense. (See, e.g., *Pollard* v. *Trivia Bldg. Corp.*, 291 N. Y. 19; *Teller* v. *Prospect Heights Hosp.*, 255 App. Div. 488, revd. on other grounds, 280 N. Y. 456; *Lowenhar* v. *Commercial Outfitting Co.*, 260 App. Div. 211, affd. 285 N. Y. 671; *Stern* v. *Great Island Corp.*, 250 App. Div. 115; *Osborne* v. *Salvation Army,* 107 F. 2d 929 [Labor Law, § 202]; *Karpeles* v. *Heine,* 227 N. Y. 74 [Labor Law, § 93];

*Schmidt* v. *Merchants Desp. Transp. Corp., supra,* 270 N. Y. 287, 303–304, 306 [Labor Law, § 299].) For example, in construing a statute of nearly identical import — section 202 of the Labor Law which requires that safe devices be supplied to window washers who work on public buildings from the outside — this court observed not long ago that " Since * * * liability of defendant depends upon violation of the statute, contributory negligence would be no defense (*Stern* v. *Great Island Corp.,* 250 App. Div. 115; *Osborne* v. *Salvation Army,* 107 F. 2d 929)." (See *Pollard* v. *Trivia Bldg. Corp., supra,* p. 24.) And in the *Stern* case (*supra*), the court had written (p. 116): " Since the plaintiff's cause of action does not rest on negligence, contributory negligence does not constitute a defense. Indeed, the very purpose of the statute was to protect plaintiff's intestate and others in like position from the consequences of their own negligence. It would be strange, therefore, if the same negligence could defeat the operation of the statute. (*Karpeles* v. *Heine,* 227 N. Y. 74; *Corwin* v. *N. Y. & Erie R. R. Co.,* 13 id. 42.)"

The safe-ladder provision of section 240 comes squarely within this doctrine. By its force, certain safeguards have been legislatively commanded for the safety of those engaging in the work described. Instead of simply defining the general standard of care required and then providing that violation of that standard evidences negligence, the legislature imposed upon employers or those directing the particular work to be done, a flat and unvarying duty. This the language of the section makes crystal clear: the employer or one directing the work " *shall furnish* " or cause to be furnished equipment or devices " which shall be so constructed, placed and operated as *to give proper protection* " to the one doing the work (emphasis supplied). For breach of that duty, thus absolutely imposed, the wrongdoer is rendered liable without regard to his care or lack of it.

And what the statute declares, its reason confirms. Workmen such as the present plaintiff, who ply their livelihoods on ladders and scaffolds, are scarcely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms

large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by faulty or inadequate equipment. If the employer could avoid this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified. That possibility we long ago perceived and provided for, declaring that " this statute is one for the protection of workmen from injury and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed ". (See *Quigley* v. *Thatcher,* 207 N. Y. 66, 68.) Such an interpretation manifestly rules out contributory negligence as a defense to an action predicated upon violation of the statute to the injury of one in the protected class. (See, e.g., *Laurin* v. *Patrick Constr. Corp.,* 263 App. Div. 1013; *Weber* v. *State of New York,* 53 N. Y. S. 2d 598, *supra.*)

A different case would be before us if the injured person were a passerby or a workman struck by a falling ladder; as to them — persons outside the class for whose special benefit the statute was designed — a violation might do no more than evidence negligence. That, however, is not this case. Here, to recapitulate, we have an action based upon a statute whose cardinal purpose was to protect plaintiff and others in his calling, without reference to questions of negligence, from the occurrence of just such an accident as befell him. In spite of this, the trial court left the jury free to bring in a verdict against plaintiff if it found him guilty of contributory negligence. Such instructions were in open conflict with the purpose and aim of the statute, and, since they may have improperly influenced the result, there must be a new trial.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ.. concur.

Judgments reversed, etc.