J. Irwin Shapiro, J.
In this case the jury rendered a verdict in favor of the plaintiff in the snm of $1,900. At the end of the plaintiff’s ease and at the end of the entire case, the court reserved decision on defendants’ motion to dismiss and again reserved decision when said motions were renewed upon the rendition of the jury verdict.
Taking the facts in the light most favorable to the plaintiff, for the jury has resolved them in that way, it appears that the plaintiff was engaged as a domestic by the defendants to clean the latter s’ premises consisting of a one-family house.
In connection with the performance of the work, the defendants supplied plaintiff with a ladder. The plaintiff insisted that the ladder was not safe, that it was rickety, and that it would not hold her, but nevertheless, at the insistence of the defendant wife that the ladder had been made by her husband and was in good condition, the plaintiff began to use it.
"While the plaintiff was in the act of doing her work, the ladder collapsed under her and she sustained the injuries for which the jury has awarded her a verdict.
*1095 In this case the court held during the trial that, as a matter of law, the plaintiff was guilty of contributory negligence for she herself noticed the dangerous and unsafe condition of the ladder, and submitted the case to the jury solely under section 240 of the Labor Law which, so far as here material, reads: “ 1. A person employing or directing another to perform labor of any kind in the * * * cleaning * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed.”
Clearly, the plaintiff who was engaged in cleaning the premises and for which purpose the ladder was supplied to her by the defendant wife, was an employee of the class intended to be protected by the afore-mentioned section of the Labor Law.
When there is a statutory duty upon a defendant to provide proper equipment for an employee, the defendant cannot contend that the use of that equipment, if improper in nature, constitutes contributory negligence upon the part of the plaintiff, for the very enactment of the statute attests to the fact that the employee in such a case is completely at the mercy of his employer and, in effect, has no choice of the kind or character of equipment that he will use.
In Koenig v. Patrick Constr. Corp. (298 N. Y. 313) the court dealt with an action by a window cleaner to recover for injuries sustained when the ladder upon which he was working slipped because it lacked safety shoes. There too the contention was made that the plaintiff was guilty of contributory negligence barring his recovery. Said the court (p. 318): “ And what the statute declares, its reason confirms. Workmen such as the present plaintiff, who ply their livelihoods on ladders and scaffolds, are scarcely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the knoAvn hazards of the occupation, required the employer to safeguard the Avorkers from injury caused by faulty or inadequate equipment. If the employer could, avoid, this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified. That possibility we long ago perceived and provided for, declaring that ‘ this statute is one for the protection of workmen from injury and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for Avhich it Avas thus framed ’.” (Italics supplied.)
*1096 Although the defendants were given an opportunity to submit a brief to support their motion to set aside the verdict and for a dismissal, no such brief has been received. Regardless of that fact, however, and on the merits, the motion to set aside the verdict and the motions to dismiss the complaint are denied, with an exception to the defendants.
The defendants are given a 10-day stay of execution and 30 days to make a case.