Pearl Major, Appellant, *v.* Waverly and Ogden, Inc., Respondent.

Second Department, June 22, 1959.

*Morris Block* for appellant.

*William F. McNulty* and *Stanley D. Hicks* for respondent.

*Per Curiam.* This appeal presents a single question of law which does not appear to have been determined in any reported decision. The action is one to recover damages for personal injuries sustained when appellant, who was visiting a friend, a tenant in respondent's two-story building, fell down a flight of stairs therein. The amended complaint pleads two causes of action. The first is in negligence and alleges that the negligence consisted, *inter alia,* in maintaining the staircase in a dangerous and defective condition in that, in violation of the State Building Construction Code (hereinafter called the Construction Code), respondent failed to install a handrail and electrical illumination therein. The second cause of action pleads a violation of the Construction Code and the Executive Law, pursuant to which the Construction Code was promulgated, in that respondent failed to install the handrail and lighting in the staircase. In his opening to the jury, appellant's counsel stated that the basis for liability was the violation of the Construction Code. The trial court charged that the action was in negligence and instructed the jury as to the usual rules concerning a plaintiff's burden to establish negligence on the part of the defendant

which was the proximate cause of the accident, and plaintiff's freedom from contributory negligence. The jury brought in a verdict for respondent. The question presented is whether the Executive Law and the Construction Code imposed an absolute duty upon respondent to install a handrail and artificial illumination in the staircase, for the breach of which appellant could recover damages for her injuries resulting from the accident, even though negligence on her part may have contributed thereto.

The State Building Code (Executive Law, art. 18, § 370 *et seq.*) established a Building Code Commission to formulate and adopt rules and regulations relating to building construction, since "detailed enactment of all of the provisions of such a code by legislation is impracticable" (Executive Law, §§ 370, 373, 374). The Construction Code, so formulated, is applicable in those municipalities which have accepted it (Executive Law, § 374-a).

It is not disputed that the Village of Mamaroneck, in which respondent's building is located, accepted the Construction Code in November, 1951 and that the provisions of the Construction Code are applicable to the premises in which the accident occurred. Section A 105–5 (N. Y. Off. Comp. of Codes, Rules & Regulations [10th Supp.], p. 216) of the Construction Code provides: "Buildings subject to this code shall be maintained in a safe and sanitary condition in conformity with the provisions of this code."

Subdivision a of section A 205–6 provides in part: "Stairs or steps of more than three risers shall have a handrail or railing parallel to the stair slope on at least one side."

Section A 205–7 provides: "Treads of stairs shall be lighted by either natural or artificial light of sufficient intensity to allow safe ascent or descent."

It is the appellant's position that the gravamen of the complaint was the breach of the statutory duty under article 18 of the Executive Law and the Construction Code and that the trial court, therefore, erred in charging the jury that the action was in negligence wherein appellant was required to prove the negligence of the respondent and her own freedom from contributory negligence. In support of that argument appellant relies almost exclusively on *Koenig* v. *Patrick Constr. Corp.* (298 N. Y. 313). That was an action to recover damages for personal injuries sustained by a window cleaner when a ladder, on which he was working in a building in the course of construction, slipped and hurled him to the floor. The action was based upon the builder's alleged failure to comply with the requirements of section 240 of the Labor Law which provides that one employing or direct-

ing another to perform labor in erecting, repairing or cleaning a building shall furnish ladders so constructed as to give proper protection to the worker. The trial court charged, among other things, that the plaintiff could recover only if defendant failed in its duty and if plaintiff had not " contributed any negligence to the accident himself ".

In reversing a judgment in favor of the defendant, the Court of Appeals said (pp. 316–317):

" The jury returned a verdict in favor of defendant, and because of the last noted item of instruction, the possibility is present that that verdict in defendant's favor was predicated upon a finding that plaintiff had been guilty of contributory negligence. In the view which we take of the law, that would be an erroneous basis for the verdict. That error in the charge requires reversal, despite the fact that it is quite likely, considering the entire record, that the jury found that defendant did not violate section 240, and, accordingly, did not even reach the question of plaintiff's contributory negligence.

" Though defendant was also charged with common-law negligence, the gravamen of the complaint, as indicated, was that defendant was liable for having violated its statutory duty to furnish plaintiff safe equipment.   *   *   *

" Firmly established is the principle of law that a plaintiff's carelessness is no bar to his recovery under a statute which imposes liability ' regardless of negligence '. (See *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287, 305–306.) Obviously, not every statute which commands or prohibits particular conduct is within this principle. Only when the statute is designed to protect a definite class of persons from a hazard of definable orbit, which they themselves are incapable of avoiding, is it deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence. This rule is based upon the view that, not being dependent upon proof of specific acts of negligence on defendant's part, the cause of action may not be defeated by proof of plaintiff's want of care."

We do not agree with appellant's contention that the doctrine of the cited case is applicable here. In our opinion, the provisions of the Construction Code, respecting the manner in which buildings should be constructed, were not designed " to protect a definite class of persons from a hazard of definable orbit ", and in no way are analogous to the sections of the Labor Law providing for safeguards for workmen, in which the doctrine of the *Koenig* case has been applied. It seems obvious that the

Construction Code was not formulated for the special benefit of a particular class, but rather was designed to provide reasonably uniform standards for construction and construction materials and reasonable safeguards generally for the safety, health and welfare of the occupants of buildings (cf. Executive Law, § 375; State Building Construction Code, § A 102). No legislative intent is apparent to create a statutory cause of action in favor of any member of the public who may be injured by a violation of the Construction Code. No duty of compliance is expressly imposed on anyone. The Executive Law provides that violations of the Construction Code may be enjoined by the Supreme Court (§ 384), that the local building department may order violations remedied (§ 383, subd. c), and that failure to comply with such an order of the building department is punishable by a fine of not more than $500 or 30 days in jail or both (§ 385, subd. 1). Subdivision 2 of section 385 provides, however, that except as provided otherwise by law such violation of the Construction Code shall not be a crime and that the penalty or punishment imposed shall not be deemed for any purpose a penal or criminal penalty or punishment.

No case has been cited, and none has been found, in which the rule invoked by appellant has been applied under circumstances such as are here present.

If we should assume, however, that the statute was enacted for the benefit of occupants of premises subject to the Construction Code, to protect them from hazards which they are incapable of avoiding (cf. *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, *supra*), it would not follow that this appellant could recover for her injuries, even though her negligence had contributed to their cause. Resort to a statute which imposes liability regardless of negligence may be had only by one who comes within the class for whose special benefit the statute was designed (cf. *Connors* v. *Boorstein*, 4 N Y 2d 172; *Koenig* v. *Patrick Constr. Corp.*, *supra*).

In our opinion, a violation of the Construction Code presents, at most, the ordinary case of a statutory violation, to which the usual rules respecting contributory negligence apply. The provisions of the Construction Code here invoked are comparable to provisions of the Multiple Dwelling Law which require handrails and artificial illumination on stairs. (Cf. Multiple Dwelling Law, §§ 37, 238.) We are aware of no case in which it has been held that those sections impose an absolute duty for the breach of which the wrongdoer is rendered liable without regard to any question of negligence or contributory negligence.

The trial court correctly charged that this was a negligence case, to which the usual rules respecting negligence and freedom from contributory negligence were applicable.

The judgment should be affirmed, without costs.

Present: NOLAN, P. J., WENZEL, BELDOCK, MURPHY and UGHETTA, JJ.

Judgment unanimously affirmed, without costs.