ADAM MELZER, Appellant, v. 195 BROADWAY CORP. et al., Respondents. 195 BROADWAY CORP., Third-Party Plaintiff-Appellant v. T. FREDERICK JACKSON, INC., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, the parties cross-appeal as follows from a judgment of the Supreme Court, Nassau County, entered June 27, 1961, after a jury trial: (1) Plaintiff appeals, as limited by his briefs, from so much of said judgment, entered upon the jury's verdict, as dismissed his complaint against defendant, 195 Broadway Corp., and as is in favor of said defendant and against him. (2) Defendant Broadway corporation appeals from so much of said judgment as, upon the decision of the court at the end of plaintiff's case, dismissed said defendant's cross complaint against defendant H. L. Fischer, Inc., and dismissed its third-party complaint against the third-party defendant T. Frederick Jackson, Inc. On plaintiff's appeal: Judgment, insofar as appealed from, reversed on the law and new trial granted solely as between plaintiff and the defendant Broadway corporation, with costs to plaintiff to abide the event; and action severed as to all other parties. The findings of fact implicit in the jury's verdict have not been considered. On defendant Broadway corporation's appeal: Judgment, insofar as appealed from, affirmed, without costs. Plaintiff, an electrician employed by the third-party defendant, Jackson corporation, was injured while working in a building owned by the defendant, the Broadway corporation. Said building was then undergoing extensive alterations; and plaintiff sustained injury allegedly because, while he was using a ladder, it slipped

causing him to fall. There was testimony that the ladder had no rubber "snubbers" which would keep it from slipping; and that, prior to the accident, plaintiff had told one Dougherty, an employee of the defendant owner, the Broadway corporation, that the ladder was dangerous, but that Dougherty nevertheless had directed him to use it. The Trial Justice submitted the case to the jury on the theory solely of common-law negligence; and he charged the jury that plaintiff's contributory negligence was a defense to the action. Plaintiff duly excepted to such charge as well as to the Justice's refusal to submit the case to the jury under section 240 of the Labor Law. In our opinion, on the record presented plaintiff was entitled: (a) to have the question of possible violation of section 240 of the Labor Law submitted to the jury; and (b) to a charge that contributory negligence would not be a defense in the event a breach of the duty imposed by that statute was established (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313). In view of the evidence adduced, the cross complaint and third-party complaint of the defendant Broadway corporation were properly dismissed. In the event plaintiff succeeded against said defendant there was no basis for any claim over by it, since plaintiff could succeed only by proof of active negligence. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.