IRENE BENJAMIN, as Administratrix of the Estate of YVES BENOIT, Deceased, Appellant, *v.* JONATHAN WOODNER Co., Respondent.

First Department, November 5, 1964.

*Sidney S. Bobbé* of counsel (*Maxwell M. Booxbaum,* attorney), for appellant.

*William F. McNulty* of counsel (*Bachkoff, Miller & Steger,* attorneys), for respondent.

*Per Curiam.* Plaintiff appeals from a judgment entered April 30, 1964, dismissing the complaint at the end of plaintiff's case.

This action for damages for wrongful death and conscious pain and suffering arose out of an accident which occurred June 30, 1963, in which plaintiff's intestate suffered serious injuries from which he died six days later. Plaintiff's intestate and plaintiff, husband and wife, were tenants in the premises, and it is claimed that the accident happened because of a breach of duty owed the plaintiff's intestate by reason of a failure to keep the premises in good repair. It is claimed that this failure, which involved a bar across a window which gave way, proximately caused the accident.

The place of the occurrence was a portion of the premises in a multiple dwelling used in common by the tenants of which defendant owner retained control. The general rule is that the landlord must maintain such portions in a reasonably safe condition. And under section 78 of the Multiple Dwelling Law it is specifically provided that " [e]very multiple dwelling, including its roof or roofs, and every part thereof * * * shall be kept in good repair." Any breach of this obligation proximately causing injuries may result in liability where notice, actual or constructive, is proved (but, see, *Lowenhar* v. *Commercial Outfitting Co.,* 260 App. Div. 211, affd. 285 N. Y. 671).

Two principles must be kept in mind. The action having been dismissed at the close of plaintiff's case, plaintiff is entitled to " the advantage of every inference that can properly be drawn from the facts presented " (*Kraus* v. *Birnbaum,* 200 N. Y. 130, 133). And in a death action plaintiff is not held to as high a degree of proof as if the injured person were present to describe the occurrence (*Noseworthy* v. *City of New York,* 298 N. Y. 76, 80). If contributory negligence be a defense, it is to be pleaded and proven by defendant (Decedent Estate Law, § 131).

Plaintiff urges that on the evidence presented it clearly proved a prima facie case of actionable negligence which warranted submission of the issue to the jury. (*Shines* v. *W. & Y. Realty Corp.,* 259 App. Div. 596, affd. 284 N. Y. 647.) While this court is not in complete accord with that view, the court is unanimous in concluding under the circumstances of and evidence presented in this case, that in the interests of justice a new trial is required. Here there is some proper evidence of how the accident occurred and there is sufficient to raise a question as to the foreseeability of the accident. Plaintiff should be afforded a further opportunity to develop these aspects.

The judgment appealed from should be reversed on the law and in the interests of justice, and a new trial directed, with costs to abide the event.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed on the law and in the interests of justice, and a new trial directed, with $50 costs to abide the event.