■ WILLIAM O'BRIEN, Appellant, v. ANTHONY ANNARELLA, Respondent.— Judgment of the Supreme Court, Queens County, entered June 1, 1967, affirmed, with costs. No opinion. Brennan, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Defendant operated a bar on the ground floor of a two-story building in Queens. The building had a set-back for the second story, so that it had two roofs — one on top of the first story, the other on top of the second story. On the second-story roof were pigeon coops owned by defendant. The only access to the pigeon coops was by an outside, 12-foot aluminum ladder owned by defendant; the foot of the ladder rested on the first-story roof; the ladder leaned against the upper half of the building, thus leading up to the second-story roof; and the ladder was not affixed to the building. Defendant employed plaintiff to paint the pigeon coops, and showed him how to get to them by way of the ladder. While plaintiff was descending the ladder in the course of this work,

the ladder slid out and he fell, sustaining serious injuries. Before the trial court charged the jury, it ruled that section 240 of the Labor Law was inapplicable and that it would not charge that statute to the jury as a basis for defendant's liability; plaintiff duly excepted to that ruling. The court then charged the jury on common-law negligence and a possible violation of the State Industrial Code (12 NYCRR 23.34); and it charged that contributory negligence on plaintiff's part would bar any recovery by him. The jury returned a general verdict for defendant. Section 240 of the Labor Law provides that "A person employing * * * another to perform labor * * * in the * * * painting * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed". In my opinion, that section applied here and it should have been charged to the jury, with the required further instruction that contributory negligence was not a defense if that section had been violated (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313). Since contributory negligence may have been the basis for the jury's verdict for defendant, the refusal to charge section 240 requires reversal of the judgment and a new trial. It should be noted that plaintiff's failure to formally except, at the end of the charge, to the court's instruction on contributory negligence and to its failure to charge section 240, does not make that instruction the binding law of this case, in view of the court's previous ruling that it would not charge that statute and plaintiff's exception to that ruling. Under those circumstances, the issue was fully preserved by plaintiff for appellate review, and a further, formal exception at the end of the charge was unnecessary.