ARTHUR RIVERS, Appellant, *v.* PETER SAUTER, Respondent.

First Department, May 6, 1969.

*Leonard A. Sheft* for appellant.

*Daniel J. Coughlin* for respondent.

STEUER, J. The record establishes the following facts. Defendant is the owner of a one-family frame house in the City of White Plains. About a week prior to July 6, 1964, plaintiff, who had been advised that defendant wished to have some painting done on the house, telephoned and spoke to defendant's wife. It was agreed that plaintiff would come on July 6, bring his brushes and drop cloths, and do what was required. He was to be paid $3 an hour plus his railroad fare, which would amount to about

$2. When plaintiff arrived defendant pointed out the work to be done, which consisted of the trim in the rear of the house. Plaintiff asked for a ladder and defendant produced one. Both men made a cursory inspection of the ladder and defendant left. In the course of his work, plaintiff moved the ladder about eight times, bracing it with stones each time. Having completed one section of his work, plaintiff inspected what he had done and noticed a spot he had missed. He moved the ladder, braced it and climbed up. The spot was to his left and he put most of his weight on the left side of the ladder. A small portion of the ladder split off, though the record is not clear as to what part this came from. In any event, it fell and plaintiff was injured.

The complaint consists of a single cause of action in which defendant's alleged negligence is stated to be in failing to provide safe and proper equipment and failing to observe the Labor Law and Industrial Code. The bill of particulars adds nothing to the above except that plaintiff describes himself as self-employed as an independent contractor. The court, considering the case as one seeking relief both pursuant to statutory and common-law rights, concluded that no cause of action was established. We agree.

Considering first whether the defendant violated any statutory duty, the statute relied on is section 240 of the Labor Law. The threshold question, which in this case is determinative, is whether, under the relationship disclosed by the facts, plaintiff is put in the category of persons protected by the statute. Specifically, the question is whether the statute is intended to cover a workman engaged in what is essentially maintenance of a private house. The general subject covered, as disclosed in the title of article 10, in which section 240 is found, is " Building Construction, Demolition and Repair Work ". While the section refers to several operations, including painting and even cleaning, the protection is designed to be afforded to workmen engaged in projects of construction, demolition or repair, and the inclusion of such operations as painting and cleaning refers to painting and cleaning incidental to the work of construction, demolition or repair. While there is no clear-cut expression to this effect, the decisions on the subject lead definitely to this view. Thus where the project was construction, a man engaged in cleaning incidental to that construction was held entitled to the benefit of the statute (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313) without regard to whether he was an employee of the defendant or of an independent contractor; whereas an employee engaged in the same operation, not in connection with construction but rather in the mundane course of cleaning windows in a

private residence, was not (*Connors* v. *Boorstein,* 4 N Y 2d 172). As the statute applies to painting in the same terms and degree as it does to cleaning, the same interpretation based on the nature of the painting would apply. Logic is buttressed by the expressions in the prevailing opinion in an action where painting was involved (*Kluttz* v. *Citron,* 2 N Y 2d 379), but where it was held that in no event could there be a recovery, as the ladder which broke was not one supplied by the defendant.

It is not amiss to point out that this conclusion does not erode the policy expressed in the Labor Law. The virtual abolition in cases based on the Labor Law of the conception of liability based on fault is justified where the consequential cost of an accident is made a burden of a business. It is hardly to be conceived that the legislature without express statement intended to extend that same liability to homeowners not similarly engaged. As to the latter, their liability would remain what it was at common law.

The record is barren of any proof that the defendant was aware of any defect, or even that there was a defect which a reasonable examination would disclose. Absent such proof no liability at common law could be maintained.

The judgment should be affirmed.

MARKEWICH, J. (dissenting). I dissent, and would reverse and remand for trial. As at the end of plaintiff's case, at which point the trial court dismissed for insufficiency, there had been adduced sufficient evidence prima facie to raise issues for a jury to pass upon. Defendant, owner of a building, employed plaintiff to paint its exterior, supplying paint and a ladder therefor, and instructing plaintiff in the sequence to be followed in doing the work. Apparently because of a crack in the ladder, it broke while being used, and plaintiff sustained resultant injury. The trial court held against the application of section 240 of the Labor Law, which clearly and unequivocally covers the situation: "A person employing or directing another to perform labor of any kind in the * * * painting * * * of a building * * * shall furnish * * * for the performance of such labor * * * ladders * * * which shall be so constructed * * * as to give proper protection to a person so employed or directed." At the very least, there were issues of fact raised within the statute's purview to require submission to triers of the fact.

EAGER, J. P., and McGIVERN, J., concur with STEUER, J.; MARKEWICH, J., dissents in opinion in which NUNEZ, J., concurs.

Judgment affirmed, with $50 costs and disbursements to the respondent.