## (November 29, 1971)

JAMES SHAFFER, Respondent, v. WESTCHESTER CRANE SERVICE, INC. et al., Defendants, and WINSTON MUSS NEW ROCHELLE CORP., Appellant. (And Two Third-Party Actions.) — MEMORANDUM. In this negligence action to recover damages for personal injuries, defendant Winston Muss New Rochelle Corp. appeals from so much of an amended judgment of the Supreme Court, Westchester County, entered October 15, 1970, as is in favor of plaintiff against it upon a jury verdict of $138,819. Judgment reversed insofar as appealed from, on the law; and reversed in the interests of justice insofar as it grants recovery over to appellant against third-party defendant Roland Rigging & Erecting Engineers, Inc.; and new trial granted as between plaintiff and appellant and as between appellant and third-party defendant Roland Rigging & Erecting Engineers, Inc., with costs to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial on those questions. In our opinion, the trial court erred in charging the jury that contributory negligence of plaintiff could not be a defense to plaintiff's action based on section 241 of the Labor Law as it read on July 12, 1967, the date of the accident (Corbett v. Brown, 32 A D 2d 27; Long v. Gartner, 32 A D 2d 25; 21 Syracuse L. Rev. 697). Since appellant was granted a recovery over against third-party defendant Roland Rigging & Erecting Engineers, Inc., and the latter failed to take a protective appeal, the interests of justice require that the new trial should also cover that claim. Benjamin, J. (dissenting). On July 12, 1967 plaintiff was a rigger working on the attachment of ornamental stone panels to the outside walls of a building. The panels were about 10 feet long, 4 feet high and 5 inches thick and weighed about 3 tons. Plaintiff's job was to assist in the lifting of the panels by a crane to the place where they were to be attached; specifically, his job was to attach lifting pads to the panels and then connect the lifting pads to the crane sling. Some time before the accident, horizontal steel I-beams had been installed about 20 feet above ground. The beams were about 20 feet long and 8 to 10 inches wide and they were spaced about 8 feet apart.

There was no protective planking or decking over the open spaces between them, even though they were the only means of access to places where work was then being done, and the workers consequently had to walk and stand on them when going to their job sites and when working there. Several days before the accident, one of the ornamental stone panels, which had been removed from a truck by the crane, was left leaning against the building wall on one of these steel I-beams, preparatory to its being lifted to a higher level. On the day of the accident, plaintiff attached a lifting pad on one side of this panel. He then took a "coffee break" inside the building; and at its end he returned to the panel he was working on by walking out on one of the steel beams. As he was standing on this steel beam (which had no protective planking around it), the three-ton panel suddenly veered towards him and knocked him off the steel beam and he fell to the ground about 20 feet below, sustaining very serious injuries. The crane was not being operated when the accident happened and the record is unclear as to what made the panel veer. On these facts, the majority is holding that it was reversible error for the trial court to charge that contributory negligence was not a defense to plaintiff's action insofar as it was based on defendant's violation of section 241 of the Labor Law, which, on the date of the accident, provided in broad terms for the protection of workers on construction jobs. I disagree for several reasons. In this record I see not a scintilla of proof that would support a finding of contributory negligence. The fact that plaintiff had attached a lifting pad and connected it to the crane at one end of the panel and had then gone for a "coffee break" could not be any evidence of contributory negligence, since the crane was not operating when the panel moved and there thus could not have been any causal connection between the movement of the panel and its attachment to the crane sling on one side only. Nor could it have been contributory negligence for plaintiff to work at this unsafe place, since he and all his fellow workers had to use these unprotected steel beams as a passageway to their place of work and as the place of work itself in order to do the jobs they were directed to do. As I cannot see any evidence of contributory negligence in this record, the alleged error in the charge, upon which the majority is reversing, would be merely a harmless error that could and should be overlooked; and the judgment should therefore be affirmed even if the majority is right in its conclusion that the charge on this point was erroneous. Moreover, I do not agree with that conclusion. In my view, that part of the charge was correct. Prior to 1962, section 241 contained a number of specific requirements for protective measures to be taken by contractors and owners engaged in construction work to ensure the safety of the workers; and it had been construed as imposing absolute liability when violated, with contributory negligence not available as a defense (*Joyce* v. *Rumsey Realty Corp.*, 17 N Y 2d 118; cf. *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313). In 1962 section 241 was amended so as to replace the specific protective measures with a general, sweeping command that construction job sites be so constructed, shored and operated that they be safe; in addition, the amendment added persons "lawfully frequenting such places" to the previously protected class of persons employed on the job, and it added "subcontractors" to the class of those responsible for safe maintenance of the job site, which had previously included only "contractors and owners" (L. 1962, ch. 450, § 3). In light of that amendment of the statute, *Corbett* v. *Brown* (32 A D 2d 27), upon which the majority is relying in this case, held that section 241 no longer imposed absolute liability and that contributory negligence was available as a defense to an action based

upon its violation. I think that holding was incorrect because it frustrated the intent of the amendment. In my view, the 1962 amendment was not intended to weaken the prior statute (designed to ensure the safety of construction workers), but to strengthen it. (See the Governor's memorandum on approval of chapter 450 of the Laws of 1962, which had been introduced at the request of the Labor Department. Note also that the amendment broadened the prior statute's protective ambit by adding subcontractors to the class of those responsible for job safety and by adding " persons * * * lawfully frequenting " the job site to the protected class.) In 1969, a month after the *Corbett* decision, the Governor signed chapter 1108 of the Laws of 1969, which again amended section 241 so as to reinstate the specific safety requirements that had been in the pre-1962 version of that section, while retaining intact the broad provisions of the 1962–1969 version; and it is indisputable that the present statute, like the pre-1962 section, imposes absolute liability for its violation, without regard to contributory negligence. I find it impossible to believe that, in this era of progressive strengthening of laws for the protection of workmen, the Legislature intended to regress between 1962 and 1969 and intended during that period to deprive construction workers of much of the protection afforded them by the pre-1962 statute and again afforded them by the present statute. To me it seems clear that the contrary is true and that the successive amendments to section 241 were each designed to strengthen, not weaken, the protection of workers; and that the legislative intent in 1962, as in 1969, was to retain the rule of law that a violation of section 241 imposed absolute liability, with contributory negligence not available as a defense. I therefore believe that section 241, as it read in 1967, should be so construed; and, so construed, it was correct for the trial court in this case to charge that contributory negligence was not a defense insofar as plaintiff's action was based on a violation of section 241. Indeed, in my view the charge was over-favorable to the defense, as it submitted to the jury the question of possible contributory negligence insofar as plaintiff sued at common law and under section 200 of the Labor Law. This is so because on the facts in this case plaintiff was free of contributory negligence as a matter of law; and also because the clear violation of section 241 imposed absolute liability, without regard to contributory negligence. For these reasons I vote to affirm. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur in memorandum; Benjamin, J., dissents and votes to affirm the judgment insofar as appealed from, with an opinion. Judgment reversed, etc.