574 P.2d 882 (1978)
Orville F. SINGLETON, Plaintiff-Appellant and Cross-Appellee,
v.
Beatrice E. COLLINS, Defendant-Appellee and Cross-Appellant.
No. 77-173.
Colorado Court of Appeals, Division I.
January 26, 1978.
Kevin M. Wein, Denver, for plaintiff-appellant and cross-appellee.
Yegge, Hall & Evans, Raymond J. Connell, Fredric A. Ritsema, Denver, for defendant-appellee and cross-appellant.
*883 ENOCH, Judge.
Plaintiff appeals from a judgment awarding defendant costs in a negligence action for personal injuries. The defendant, owner of the premises involved, cross-appeals. We affirm.
At approximately 10:00 p. m. on June 2, 1974, plaintiff slipped and fell while climbing a stairway to a second floor apartment of some friends with whom he was staying in Arvada. He fell over the handrail to the ground below, injuring his back.
Plaintiff testified that he walked up the stairs in a normal fashion, that he was not holding onto the handrails because both hands were occupied in carrying some groceries, and that he had no recollection of whether he stumbled, slipped, or hooked his foot on the stair tread. He stated that he attempted to grab the handrail but could not, and that he fell to the ground below. Plaintiff produced evidence that the handrails were approximately 24 inches in height above the nosing of the stair treads, and as such, were below the 30-34 inch height requirements of the 1958 Arvada Building Code. Also, the evidence showed some code violations concerning the rise and run of the stair treads. A certificate of occupancy had been issued on the apartment house indicating that it had passed inspection by the building department when it was built in 1960. Defendant acquired the building in 1971. There is no evidence that any changes were ever made in the stairway. No attempt was made to show that defendant had notice of the fact that her building was in any way in violation of the city's ordinance.
The jury, by special verdict, found both plaintiff and defendant to be negligent, each party's negligence to have been a cause of the injuries sustained, and the percentage of negligence attributable to plaintiff to be 90% and to defendant 10%. Accordingly, the court entered judgment for defendant for costs of the suit. Plaintiff appeals, alleging certain errors in the jury instructions, and defendant cross-appeals, contending that the court erred in not granting her motions for directed verdict.
If a directed verdict should have been granted, the issues raised by plaintiff become moot. See Parker v. Ullom, 84 Colo. 433, 271 P. 187; Wales v. State Farm Mutual Automobile Insurance Co., Colo.App., 559 P.2d 255. Thus, we first direct our attention to the issues raised by defendant in her cross-appeal.
Defendant contends that a directed verdict in her favor should have been granted since there was no evidence that defendant had notice of the ordinance violations. We agree.
The elements to be proven by plaintiff in a negligence action against a landlord are not necessarily different whether the duty arises from common law or from an ordinance. Pease v. Nichols, 316 S.W.2d 849 (Ky.1958). The common law rule is that a landlord's liability is dependent upon notice of the defect. See, e. g., Baughman v. Cosler, 169 Colo. 534, 459 P.2d 294. Though it has been held that failure to obey an ordinance is negligence per se, this is not an inflexible rule, applicable to every situation. Stahl v. Cooper, 117 Colo. 468, 190 P.2d 891.
Defendant was not the builder of the apartment complex, and the property had been approved for occupancy by the building inspector, thereby indicating compliance with the applicable ordinances. Under these circumstances there is no reasonable basis for the application of the strict rule of negligence per se, and in the absence of some showing of notice there is no liability. Pease v. Nichols, supra; Benjamin v. Jonathan Woodner Co., 22 A.D.2d 68, 253 N.Y.S.2d 649; 52 C.J.S. Landlord and Tenant § 417(17). Therefore defendant's motions for a directed verdict should have been granted.
The judgment is affirmed.
COYTE and PIERCE, JJ., concur.