21 N.Y.2d 239 (1967)
Charles E. Van Gaasbeck, as Administrator of The Estate of Michael Van Gaasbeck, Deceased, Appellant,
v.
Webatuck Central School District No. 1 of the Towns of Amenia, North East, Stamford and Washington, et al., Respondents.
Court of Appeals of the State of New York.
Submitted October 24, 1967.
Decided December 28, 1967.
Roy L. Featherstone and Thomas F. Vasti, Jr., for appellant.
Richard Michael Moran for Webatuck Central School District No. 1 and another, respondents.
Vernon Murphy and Robert A. MacKennan for Alvin B. Huehnel and another, respondents.
Opinion by Judge SCILEPPI. All concur except Judge BERGAN and KEATING, who dissent in part and vote to reverse and grant a new trial as to all defendants, and Judge VAN VOORHIS, who dissents and votes to affirm in a separate opinion in which Chief Judge FULD and Judge BURKE concur.
*242 SCILEPPI, J.
The issue presented by this case is whether a violation of subdivision (b) of section 1174 of the Vehicle and Traffic Law gives rise to absolute liability or negligence per se. That section provides: "The driver of a school bus, when discharging pupils who must cross the highway, shall instruct such pupils to cross in front of the bus and the driver thereof shall keep such school bus halted with red signal lights flashing until such pupils have reached the opposite side of the highway". We hold today that the violation of subdivision (b) of section 1174 of the Vehicle and Traffic Law gives rise to absolute liability.
On the evening of November 17, 1961 the late Michael Van Gaasbeck, then 14 years of age, was discharged from a school bus on the east side of Route 22 between the intersection of Downey Road and McGhee Hill Road in the Town of Amenia, Dutchess County. After the boy alighted from the bus, the driver, with knowledge of the fact that the boy lived on the west side of the route and would, therefore, have to cross the highway, drove off. The driver of the bus testified that she did not instruct the decedent to cross in front of the bus nor did she flash her signal lights.
Michael and a friend, who was also left off at the same time, walked along Route 22 to McGhee Hill Road. As they reached the intersection, which was only a short distance from where they were dropped off, Michael's friend proceeded to cross Route 22 and Michael attempted to follow him, but in doing so was struck by an automobile owned by the defendant Alvin Huehnel. From the injuries received at that time, Michael died three days later.
This action for wrongful death was commenced against both the driver of the automobile that struck Michael as well as the owner of the school bus, claiming that the death of the boy was the result of the negligence of the drivers of the bus and automobile.
During the trial, the mother of Michael's friend, who was waiting across the street and witnessed the accident, testified that both boys in attempting to cross Route 22 were running. She also testified that "the car seemed to be right there as [Michael] ran". She further testified that the car stopped about two car *243 lengths from where the boy was hit. No evidence was introduced to contradict the testimony of this witness and the testimony of the driver of the car that struck Michael tended to corroborate it.
The plaintiff contends and the testimony of the bus driver establishes the fact that she failed to comply with subdivision (b) of section 1174 of the Vehicle and Traffic Law. This failure to comply with the statute where the driver admitted both that she knew that Michael lived on the opposite side of the road and that she was advised of the provisions of the statute only two months earlier, the plaintiff asserts, gave rise to absolute liability and, therefore, the fact that Michael was negligent in crossing does not relieve the defendant school district of liability. The Trial Judge, however, charged that the violation of the statute was negligence per se and he refused to charge that, when such a statute is violated, the contributory negligence of the plaintiff does not bar recovery. Moreover, when the jury, during the course of its deliberations, asked the Judge the question: "If the jury decides that Mike Van Gaasbeck's negligence in running in front of the car was the direct cause of the accident, will this resolve the entire case?", the Judge replied "Yes". The plaintiff duly excepted to both the refusal to charge and the answer to the question. Thereafter, the jury returned a verdict for all defendants. The Appellate Division unanimously affirmed.
A violation of a statute may constitute negligence per se or it may give rise to absolute liability (Utica Mut. Ins. Co. v. Mancini & Sons, 9 A D 2d 116, 120). With reference to the defense of contributory negligence, there is a distinction between a violation of a statute which amounts to negligence per se and the violation of a statute which gives rise to absolute liability. In the former case, the defense of contributory negligence is available while, in the latter case, it is not (Galbraith v. Pike & Son, 18 A D 2d 39; Utica Mut. Ins. Co. v. Mancini & Sons, supra).
Although the doctrine of absolute liability is generally applied only to violations of statutes designed for the safety of employees (see Koenig v. Patrick Constr. Corp., 298 N.Y. 313), we see no reason why we should not apply the doctrine to a violation of a statute involved in the case at bar. In Koenig (supra) we had occasion to discuss a question similar to that presented here, and we stated at page 317: "Firmly established is the principle *244 of law that a plaintiff's carelessness is no bar to his recovery under a statute which imposes liability `regardless of negligence'. * * * Obviously, not every statute which commands or prohibits particular conduct is within this principle. Only when the statute is designed to protect a definite class from a hazard of definable orbit, which they themselves are incapable of avoiding, is it deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence. This rule is based upon the view that, not being dependent upon proof of specific acts of negligence on defendant's part, the cause of action may not be defeated by proof of plaintiff's want of care. Thus, it has been said, `If the defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute' (Restatement, Torts, § 483)."
We further stated at page 318: "By its [the statute's] force, certain safeguards have been legislatively commanded for the safety of those engaged in the work described. Instead of simply defining the general standard of care required and then providing that violation of that standard evidences negligence, the legislature imposed upon employers of those directing the particular work to be done, a flat and unvarying duty. This the language of the statute makes crystal clear: the employer or one directing the work `shall furnish' or cause to be furnished equipment or devices `which shall be so constructed, placed and operated as to give proper protection' to the one doing the work". In Major v. Waverly & Ogden (7 N Y 2d 332, 335), we reiterated that the elements of unavoidable hazards, lack of choice and the occupational context of plying a livelihood figure prominently in imposing absolute liability when a statute designed for the protection of employees is violated.
Applying these criteria to the statute involved in the case at bar, we hold that absolute liability should be imposed for a violation thereof. The language of subdivision (b) of section 1174 is clear and unequivocal. It provides: "The driver * * * shall instruct * * * pupils to cross in front of the bus * * * and * * * shall keep the school bus halted with lights flashing". There can be no doubt that the statute was *245 designed for the protection of a definite class  school children who ride school buses. Its passage was obviously motivated by a legislative finding that children alighting from a school bus on a highway over which they would have to cross are not capable of taking proper precaution to negotiate a safe crossing. That children are often unaware of and disregard dangers which are apparent to adults is a matter of common knowledge. It is illustrated by the case at bar. Furthermore, every child must attend school until he is at least 16 years of age and, for many children, the only way that they can get to school is to meet a school bus alongside a highway. The explicit purpose of this statute was to see to it that children would cross the highway under the careful supervision of the driver who would not only watch them cross the street in front of him but would flash his red lights to warn oncoming traffic to stop.
The School District contends that the plaintiff's complaint stated a cause of action for common-law negligence and was not based on the violation of a statute. In Diemer v. Diemer (8 N Y 2d 206) the plaintiff husband commenced an action for separation charging "cruel and inhuman treatment". Both the trial court and the Appellate Division found that the facts were insufficient to make out such a cause of action for cruelty. This court in reversing held that the plaintiff was entitled to a separation on the grounds of abandonment, despite the fact that the complaint did not ask for relief on that basis. "It is enough now that a pleader state the facts making out a cause of action, and it matters not whether he gives a name to the cause of action at all or even that he gives it a wrong name. If this be true of the cause of action itself, it is certainly true of the ground underlying it." (Diemer v. Diemer, supra, p. 212.)
The propriety of the conclusion reached by us in the above-quoted decision "is buttressed by the long-standing practice in New York of sustaining a complaint against a motion to dismiss if any cause of action could be derived from its allegations by implication or through liberal construction" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.05; emphasis added).
The complaint alleged, inter alia, that the driver did not instruct the child to cross the highway in front of the bus; that the bus driver pulled away after the child alighted; that the child was run over crossing the highway immediately thereafter, *246 and that the driver failed to comply with regulations of the State Education Department. These allegations were sufficient to give the "parties notice of the * * * transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013). The mere fact that the complaint alleged violation of a State regulation instead of a State statute in no way prejudiced the rights of the defendant. Moreover, the bus driver admitted that she did not comply with the statutory mandate "Surely, we have advanced far beyond that hypertechnical period when form was all-important and a pleader had to attach the correct label to his complaint, at the risk of having it dismissed." (Diemer v. Diemer, 8 N Y 2d 206, 212.)
Lastly, the School District contends that, even if we were to impose strict liability, the plaintiff cannot recover because there is no showing of proximate cause between the violation of the statute and the accident. There is no doubt that there is a question of proximate cause in this case. This question, however, is one for the jury (Lopez v. City of New York, 4 A D 2d 48, affd. 4 N Y 2d 738) and a new trial should be had so that the jury may determine under a proper charge whether the plaintiff's rights to recover under this statute, as we have hereby interpreted it, is defeated by the absence of proximate cause between the violation of the statute and the accident.
As to the defendant driver that struck the child, we agree with the courts below that no cause of action existed against him. The cause of action against that defendant was based upon commonlaw negligence; not upon a violation of the statute. Consequently, the defense of contributory negligence was available to him. There is no doubt that the child was contributorily negligent. No purpose would be served by reversal as to that defendant.
Accordingly, the order appealed from should be modified to the extent of reversing the affirmance of the dismissal of the cause of action against the defendant School District and the defendant Norma Carmen, the bus driver, who was also named a defendant, and a new trial should be ordered so that the jury may pass upon the question of proximate cause. As to the defendant driver of the car that struck the decedent, the order appealed from should be affirmed.
*247 VAN VOORHIS, J. (dissenting).
It is true enough that contributory negligence is not a defense in the very limited class of actions which are not based on tort but are, in a literal sense, created by statute (e.g., Koenig v. Patrick Constr. Corp., 298 N.Y. 313; Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287; Karpeles v. Heine, 227 N.Y. 74; Pollard v. Trivia Bldg. Corp., 291 N.Y. 19; Lowenhar v. Commercial Outfitting Co., 260 App. Div. 211, affd. 285 N.Y. 671; Teller v. Prospect Hgts. Hosp., 255 App. Div. 488, revd. on other grounds 280 N.Y. 456; Stern v. Great Is. Corp., 250 App. Div. 115; Osborne v. Salvation Army, 107 F.2d 929). The distinction is pointed out in Utica Mut. Ins. Co. v. Mancini & Sons (9 A D 2d 116, 120) in an opinion by Justice BASTOW:
"But the court in the Koenig case was careful to point out (p. 317) that not every statute which commands or prohibits particular conduct is within the principle that a plaintiff's carelessness is no bar to his recovery under a statute which imposes liability regardless of negligence. The authority cited by the court (Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287) stated certain guiding principles. It was said (p. 305) that `The statute may in express terms give to an injured person a cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such a cause of action. Then the problem is whether such a provision should be implied. That depends, at least in great measure, upon whether the duty is imposed for the special benefit of a particular group or class of persons. Only in such case can it be said that the statute creates a liability per se.'
"Thus, there is a clear distinction between the violation of a statute constituting negligence per se (cf. Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn. L. R., 105, 111, 112) and the violation of a statutory duty imposed for the benefit of a particular group or class constituting liability per se. In the former contributory negligence is a defense and in the latter it is not."
It would be easy to say that any statute prescribing standards of reasonable care is enacted for the benefit of a special class of persons as, for example, the protection of motorists in particular traffic situations, school children or other pedestrians crossing the streets, and many other specified uses of the streets and *248 highways. In such cases, as was said in Schmidt v. Merchants Despatch Transp. Co. (supra, pp. 304-305, per LEHMAN, J.):
"The usual standard of care is superseded by the standard enacted by the Legislature. * * *
"We may assume that a `liability' is not `created' by statute in every case where the statute imposes a new duty or a standard of care different from that required by custom and common law. The statute may be general in character and statutory duty may be imposed for the general welfare rather than for the benefit of a person or group of persons. A statute `creates' no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise `which would not exist but for the statute.' (Shepard v. Taylor Pub. Co., 234 N.Y. 465, 468.)"
The causes of action "created by statute" are ordinarily violations of the Labor Law, Factory Law, Stock Corporation Law or Debtor and Creditor Law, as appears from the cases that have been cited. We are aware of no cases involving motor vehicles or pedestrians in the use of the streets in which statutory regulations have been held to give birth to the cause of action rather than to prescribe standards of care violation of which would constitute negligence.
This accident is claimed to have resulted from the driving away of a school bus after a boy had alighted who, the driver knew, lived on the opposite side of the highway. Defendant violated subdivision (b) of section 1174 of the Vehicle and Traffic Law which provides that the driver of a school bus, when discharging pupils who must cross the highway, shall instruct such pupils to cross in front of the bus and that the driver of the bus shall keep such bus with red flashers flashing until such pupils shall reach the opposite side of the highway. Overtaking vehicles are commanded by subdivision (a) of section 1174 to stop before reaching a school bus which has such flashing signal in operation and "shall not proceed until such school bus resumes motion, or until signalled by the driver or a police officer to proceed." In the absence of these statutes, there would be a common-law liability on the part of the school district, now that governmental immunity has been waived, to use reasonable care in the person of the bus driver and by making suitable rules for the protection of children in crossing the street. Liability *249 for injury to school children under those circumstances has been held to be based on negligence (McDonald v. Central School Dist. No. 3 Romulus, 179 Misc. 333, affd. 264 App. Div. 943, affd. 289 N.Y. 800).
To avoid contributory negligence children are required to use only such care for their protection as would be expected of their age and degree of development (Camardo v. New York State Rys., 247 N.Y. 111). But the law has no interest in exonerating children any more than adults from using reasonable care for their own protection.
The order appealed from should be affirmed.
Order modified, with costs, and new trial granted against defendant School District and defendant Carmen in accordance with the opinion herein and, as so modified, affirmed.