**Robert W. CROGHAN, an infant suing by his father and next friend, Anslem H. Croghan, Appellant,**

v.

**HART COUNTY BOARD OF EDUCATION and Hart County Board of Education, Composed of, D. M. Belt, Member, in his official capacity, Munfordville, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1977.

James F. Williamson, Louisville, Davis Williams, Munfordville, for appellant.

Dixie R. Satterfield, Bowling Green, for appellees.

Before HAYES, HOGGE and VANCE, JJ.

HAYES, Judge.

This case involves the claim of the Appellant, an eleven year old boy, suing by his Father and Next Friend, against the Hart County Board of Education, the individual members of that Board, the driver of the Hart County School Bus, upon which the appellant was a passenger, and the driver of the auto which struck the appellant as the appellant crossed Kentucky Highway 88. The accident occurred April 6, 1972. During the pendency of the action, the appellant settled with the auto driver and appellant reserved his rights against the remaining defendants-appellees. The jury returned a verdict for the appellees, the court entered judgment thereon and the plaintiff appealed.

The appellant, Robert W. Croghan (hereinafter called Croghan) attended the Cub

Run School, an elementary school in Hart County, Kentucky. He resided several miles west of Munfordville, Kentucky, on Kentucky Highway 88, the principal road between Cub Run and Munfordville, Kentucky. Highway 88 runs generally in an east-west direction. Croghan's home is located on the north side of Highway 88, a two lane highway. A short distance west of the Croghan home there is a curve in Highway 88 and at this point there are yellow lines in both lanes of traffic constituting a no passing zone for traffic both ways. In that curve there is a road that leaves Highway 88 on the south, that runs parallel to Highway 88 and then re-enters Highway 88 at a point some distance from Croghan's home. Croghan's home is located on the side opposite this road. Located on this side road is the Mount Beulah Church and a grocery store operated by the Jack Wilkersons. This side road will be referred to as the Church Road.

On April 6, 1972, Croghan was on the bus headed home. Croghan's stop was the last stop on this route and, after letting Croghan off, the bus returns west toward Cub Run to drop off the remaining passengers. The bus driver, Childress, as he always did, and continued to do even after the accident, pulled off Highway 88 onto the Church Road. He travelled that road to the point where it re-enters Highway 88, and while still on the Church Road, he stopped his bus, and permitted Croghan to disembark. Childress had no flashing signals on nor did he have his stop sign operating. Croghan permitted several cars going east to pass, and while attempting to cross Highway 88 to his home, he was struck by the Waddle auto, which was traveling west on Highway 88. The bus remained stopped on Church Road at its intersection with Highway 88.

The appellant makes the following arguments:

(1) The trial court erred in failing to direct a verdict for Croghan.

(2) The trial court erred in its instruction to the jury because it did not fit the issues.

It is this court's opinion that the trial court should have instructed the jury that the defendants were negligent as a matter of law and the case should have been submitted to the jury to determine if Croghan was contributorily negligent.

The appellees contend that the reason the school bus did not stop on the highway immediately across the road from the Croghan's home was due to the provisions of KRS 189.375.

KRS 189.375 states in part:

". . . no driver shall stop a school bus for loading or unloading purposes in a no passing area *such as* a hill or curve which does not afford reasonable visibility to approaching motor vehicles from both directions . . ." (Emphasis added).

This court finds that the appellees, through their own actions, present a contradictory position which seriously weakens this contention. The testimony by another bus driver for the same school board was that his bus stops on Highway 88 across from the Croghan house with all the safety precautions provided to the student by KRS 189.375.

The appellees argue that KRS 189.375 supersedes that rule of law set forth in *Taylor v. Patterson's Administrator*, 272 Ky. 415, 114 S.W.2d 488 (1938) which held that the transporter of school children was required to exercise the highest degree of care for a child's safety *until the child was on the side of the street where his home was located and was out of danger of injury from passing traffic.* (Emphasis added). KRS 189.375 does not supersede this rule but operates to affirm and strengthen it by adding this further safety standard:

". . . Before stopping the school bus and while loading or discharging school children, the driver *shall* open out the [stop] sign so that it will be plainly visible to traffic approaching from both directions . . ." (Emphasis added).

This law applies whether the child is 6 or 16 years old.

The appellant proposes several alternatives for the bus driver in discharging the student Croghan. We do not desire to tell

the school board what to do other than to state what they should not do. One of the appellant's suggestions, however, bears some consideration by the school board. The appellant, Childress, could have driven the school bus eastwardly past Croghan's home to a place, however far, where the bus could safely be turned around, and then proceed west toward Cub Run, stopping near Croghan's home, in which event Croghan could be discharged on the north side of the road adjacent to his home.

The appellant cites the case of *Van Gaasbeck v. Webatuck School District No. 1*, 21 N.Y.2d 239, 287 N.Y.S.2d 77, 234 N.E.2d 243 (1967), and argues that Kentucky law should be in accord. The *Van Gaasbeck* case declares that violations of a school bus statute similar to KRS 189.375 give rise to absolute liability. The defense of contributory negligence, therefore, would not be available. We are not constrained to go this far. This court in a line of cases from *Williamson v. Garland*, Ky., 402 S.W.2d 80 (1966), to *Oldham v. Adkisson*, Ky., 448 S.W.2d 55 (1969), has stated that the defense of contributory negligence is available regarding accident and injuries of children where they have reached sufficient age, experience, maturity, and intelligence to make them aware of dangers and the proper method of avoiding these dangers. Whether the appellant Croghan was contributorily negligent is a question of fact to be determined by a jury, rather than one of law.

The judgment of the trial court is reversed and remanded for a new trial. Since we hold the appellees were negligent as a matter of law, the only issue to be determined on re-trial is one of contributory negligence of Croghan, if any.

Judgment reversed.

All concur.