■ MONICA CHAINANI, an Infant, by Her Father and Natural Guardian, SURESH CHAINANI, et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [608 NYS2d 283] —In an action to recover damages for personal injuries, etc. (1) the defendants Amboy Bus Co., Inc. and Edward C. Acuti appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Price, J.), dated June 7, 1991, as upon a jury verdict finding them to be 45% and the injured plaintiff 25% at fault in the happening of the accident, is in favor of the plaintiffs and against them in the principal amount of $3,000,000, and (2) the defendant Board of Education of the City of New York separately appeals from so much of the same judgment as,

upon finding that it is vicariously liable for the defendant Acuti's violation of Vehicle and Traffic Law former § 1174 (b), is in favor of the plaintiffs and against it in the principal amount of $3,000,000.

Ordered that the judgment is reversed insofar as appealed from by the defendant Board of Education of the City of New York, on the law, without costs or disbursements, and the complaint is dismissed insofar as it is asserted against that defendant; and it is further,

Ordered that the judgment is otherwise affirmed insofar as appealed from by the remaining defendants, without costs and disbursements.

The infant plaintiff suffered multiple injuries when she was hit by a school bus from which she had just alighted at her appointed bus stop across the street from her home. The complaint and the bills of particulars alleged causes of action to recover damages for negligence and a claim that there had been a violation of Vehicle and Traffic Law former § 1174 (b), which provided: "The driver of such school bus, when receiving or discharging passengers who must cross the highway, shall instruct such passengers to cross in front of the bus and the driver thereof shall keep such school bus halted with red signal lights flashing until such passengers have reached the opposite side of the highway".

At trial the court ruled that a violation of Vehicle and Traffic Law former § 1174 (b) imposed strict liability and, as a matter of law, that the Board of Education would be held vicariously liable for any violation of that provision by its agents. In connection with the cause of action predicated on Vehicle and Traffic Law former § 1174 (b), the jury found that although the driver had violated the statute, this violation was not a proximate cause of the accident. The court set aside this finding as against the weight of the evidence.

On appeal the defendants Amboy Bus Co., Inc. (hereinafter Amboy) and Edward C. Acuti, the driver, claim that the court erred in holding that a violation of Vehicle and Traffic Law former § 1174 (b) imposes strict liability, absent a showing that the driver had knowledge that the infant plaintiff had to cross the street. The driver testified that he was not aware that the infant plaintiff was required to cross the street in order to reach her home. The cases relied on by the defendants, however, do not support their argument since those cases merely hold that violation of the statute imposes strict liability *(see, Van Gaasbeck v Webatuck Cent. School Dist. No.*

*1,* 21 NY2d 239, 244-245; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, *affd* 51 NY2d 752). While there is *dicta* in these decisions indicating that the bus driver was aware that the students had to cross the street, the holdings of these cases do not require a finding that the driver have such knowledge before strict liability can be imposed. Furthermore, in affirming the Appellate Division in the *Sewar* case, the Court of Appeals recognized that Vehicle and Traffic Law former § 1174 (b) contained "the at least implicit compulsion that the bus driver inform himself as to 'the pupils who must cross the highway' " *(Sewar v Gagliardi Bros. Serv., supra,* at 757).

To require that a plaintiff prove that the driver knew that the injured passenger had to cross the road before imposing strict liability pursuant to Vehicle and Traffic Law former § 1174 (b), would defeat the purpose of the statute, which was designed to protect a definite class of "school children who ride school buses * * * The explicit purpose of this statute was to see to it that children would cross the highway under the careful supervision of the driver who would not only watch them cross the street in front of him but would flash his red lights to warn oncoming traffic to stop" *(Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 245, *supra).*

Also unavailing is the defendants' claim that the court erred in setting aside the jury's verdict that Acuti's violation of Vehicle and Traffic Law former § 1174 (b) was not a proximate cause of the accident. We agree with the trial court that given the record before us "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). In the instant case the infant plaintiff was hit by the bus because Acuti had not informed himself as to those students who had to cross the street as required by Vehicle and Traffic Law former § 1174 (b). Had he satisfied this duty, he might have kept his bus halted until the infant plaintiff crossed the street and thus the accident might have been avoided. Therefore, there was no basis for the jury to conclude that Acuti's violation of the statute was not a proximate cause of the accident.

The trial court erred, however, in holding that the Board of Education was vicariously liable for Acuti's violation of Vehicle and Traffic Law former § 1174 (b). It is uncontroverted that Acuti was an employee of Amboy, an independent contractor hired by the Board of Education to furnish bus transportation to its school students. It is well settled that generally, "one who engages an independent contractor is not liable for the

latter's negligence in performance" *(Pannone v Burke,* 149 AD2d 673, 675). In concluding that the Board of Education was vicariously liable under the statute, the trial court relied on the decision in *Van Gaasbeck v Webatuck Cent. School Dist. No. 1* (21 NY2d 239, *supra)* and *Pratt v Robinson* (39 NY2d 554). These cases, however, can be distinguished on their facts. In *Van Gaasbeck (supra),* it appears that the school district's liability under Vehicle and Traffic Law former § 1174 (b) was predicated upon the fact that the school district owned and operated the school bus. In *Pratt (supra)* the liability of the school district was based on the plaintiff's claim that the school district had negligently selected the location of the bus stop *(Pratt v Robinson, supra,* at 554), and the cases cited in *Pratt* for the imposition of liability on a school district involve situations, like *Van Gaasbeck,* where the school district owned and operated the school bus or where the claim was that the district had negligently selected the site of the bus stop *(Pratt v Robinson, supra,* at 561), and except for *Van Gaasbeck,* those cases did not involve strict liability statutes.

It was not error for the trial court to deny the plaintiffs' application to amend their complaint to assert a cause of action against the Board of Education for its alleged violation of 8 NYCRR 156.3 (h) (1) and a similar motion by the defendants Amboy and Acuti to amend their answer to assert a cross claim against the Board of Education under the same regulation. 8 NYCRR 156.3 (h) (1) provides, *inter alia,* that the Board of Education shall conduct bus drills including instruction "in safe boarding and exiting procedures * * * Each drill shall include specific instructions for pupils to advance at least 10 feet in front of the bus before crossing the highway after disembarking". At trial the infant plaintiff testified that she had never been given such instructions, while her school principal testified that the drills were provided and the infant plaintiff was in school when the instruction was given. Neither the complaint nor the plaintiffs' bills of particulars alleged that a cause of action would be asserted against the Board for the violation of this regulation. The testimony at trial, regarding the instructions given to the infant plaintiff concerning disembarking from the bus, was introduced in connection with the issue of the infant plaintiff's comparative negligence and not in connection with a claim against the Board of Education. The trial court correctly determined that the plaintiffs' proposed amendment would interject a new or alternate theory of recovery supported by previously un-

pleaded facts. For the same reason the court properly denied the motions of the defendants Amboy and Acuti to amend their answers.

We have reviewed the defendants' remaining contentions, including that the verdict was excessive, and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.