■ ANNA R. RUSSELL et al., Respondents, v PETER ZACCARIA et al., Appellants, et al., Defendants. (Action No. 1.) RUSSELL ZACCARIA, Plaintiff, v ANNA R. RUSSELL et al., Defendants. (Action No. 2.) [733 NYS2d 490] —In two related actions, *inter alia,* to dissolve several partnerships and for an accounting (Action No. 1) and to recover on a mortgage (Action No. 2), which were joined for trial, Peter Zaccaria and Russell Zaccaria, defendants in Action No. 1, appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), entered August 28, 2000, in that action, which, *inter alia,* divided the partnership assets equally and set aside a deed dated January 30, 1980.

Ordered that the appeal by Peter Zaccaria is dismissed as abandoned (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified by deleting the sixteenth decretal paragraph thereof setting aside the deed dated January 30, 1980; as so modified, the judgment is affirmed, without costs or disbursements.

Under New York Partnership Law, unless there is an agreement to the contrary, "[e]ach partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profit and surplus remaining after all liabilities, including those to partners, are satisfied * * * and must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits" (Partnership Law § 40 [1]). Here, the defendant Russell Zaccaria (hereinafter the appellant) has failed to provide any credible evidence to support his contention that he is entitled to a priority distribution based on his assertion that he made loans and advances to the plaintiff partnerships. Therefore, the determination of the Judicial Hearing Officer (hereinafter the JHO) that the appellant is not entitled to a credit for the amounts he alleges the partnerships owe him before the partnership assets are distributed will not be disturbed.

However, the JHO improperly considered issues concerning a deed dated January 30, 1980, for property located at 98 Parkside, Point Lookout, New York. These issues were neither pleaded in the complaint nor referred to the JHO to hear and determine. Moreover, while leave to amend should be freely granted (*see,* CPLR 3025 [b]), the JHO's decision to permit amendment of the complaint after the trial had concluded was prejudicial to the appellant. Thus, it was an improvident exercise of discretion to grant leave to amend (*see, Symbax, Inc. v Bingaman,* 219 AD2d 552; *Chainani v Board of Educ.,* 201 AD2d 693; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236). Accordingly, the deed should not have been set aside.

The appellant's remaining contentions are without merit. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.